Toomer, Judge.
 

 This is a suit for malicious prosecution. In this action, it is necessary for the Plaintiff to aver in his declaration, and to prove on the trial, that a prosecution was instituted against him by the Defendant, with malice, and without probable cause. There must be both malice, and a want of probable cause. (3
 
 Murp.
 
 249.) Malice is a question of fact, and is usually
 
 *169
 
 inferred from the absence of probable cause.
 
 (Id.—2
 
 Star
 
 kie on Ev.
 
 912.) Malice is either express or implied. Express malice is not alleged in this case; the record of the trial below shows that the parties were strangers to each other until the evening of the arrest; and there was no evidence of any dispute or ill-will between them.
 

 Malice alone is not sufficient; a just accusation may be founded on malicious motives, it has been decided in this Court in
 
 Johnston
 
 v. Martin, (3
 
 Murph.
 
 248,) that the discharge of the Plaintiff from the prosecution, by competent authority, after full examination, is
 
 prima fade
 
 evidence of the want of probable cause ; and the burden of proving the probable cause is then thrown upon the Defendant. This decision has been confirmed by this Court in the case of
 
 Bostick
 
 v.
 
 Rutherford.
 
 (4
 
 Hawks
 
 83.) The correctness of this position is questionable; the innocence of the Plaintiff does not prove the absence of probable cause, and the decision conflicts with English authorities, as appears from
 
 Purcell
 
 v.
 
 McNamara.
 
 (9
 
 East.
 
 361.) But the expediency of interfering at this time with the subject, and thus unsettling that which has long been considered settled, is very doubtful. The inquiry is not necessary in this case; the Defendant does not complain of the verdict, and he alone could have been injured by the application of the principle.
 

 The warrant, the affidavit on which it was issued, and the judgment rendered on the warrant were given in evidence, and copies thereof are appended to the record, and form a part of this case. The affidavit states, that the Defendant believed from the conduct of the Plaintiff, and of the negro woman accompanying him, that he had .stolen her. The warrant is issued, the arrest made, and the Plaintiff is brought with the process by a lawful officer, before two Magistrates on the 5th of May, A. D. 1824. The examination is postponed at the instance of the Plaintiff, until the 5th of the following month, and he is permitted to go at large, on giving bail for his ap-
 
 *170
 
 pearartcc at that «lay. Oti the appointed day the. examination took {.lace. There is no written memoria] of any ¿jacjial.ge 0f {|1C Plaintiff from the accusation of felony
 
 ;
 
 but a judgment was rendered by the examining Magistrates, and by them entered on the warrant, that the Plaintiff “ shall be discharged on paying a fine of ten shillings, and all accruing costs’.” Thus it would appear that the charge of felony had been abandoned, and that the Magistrates proceeded to render judgment under the act of 1784, N.
 
 R. ch.
 
 213, being an act for the restraint of idle and disorderly persons, commonly called « the vagrant act.” But it is to be inferred from the record, and it is the only construction
 
 which
 
 can be given to if, that the Magistrates did absolutely discharge the Plaintiff from the prosecution for felony, although there is no written memorial thereof, and that such discharge was proved on the trial, or admitted by the Defendant. From the statement of the evidence made by the presiding Judge, which forms part of the record in this case, it is believed the jury were warranted in finding, that there were well grounded suspicions of the commission of the felony by the Plaintififj and that there was probable cause for commencing the prosecution. The justice of this case being in accordance with the verdict, the Court are not disposed to disturb it, unless there has been some infraction of a rule of evidence, or some violation of a principle of law, which imperiously requires their interference.
 

 One of the examining Magistrates W'as introduced as a witness, on the trial of this case, and stated what had been sworn by tiie Defendant, on the examination of the charge of felony. The witness detailed those circumstances in the conduct and conversation of the Plaintiff, which had induced the Defendant to believe that the felony had been committed, and which he had declared on oath at the examination, and was proceeding to state those matters which had been communicated to Defend
 
 *171
 
 ant by the negro woman accompanying the Plaintiff, but not in bis presence. To the latter part of this evidence, viz. that coming from the negro, the Plaintiff’s Counsel objected, but made no objection to the residue of the testimony of that witness. The presiding Judge admitted
 
 the
 
 testimony, and the Defendant now moves on that ground for a new trial. It does not distinctly appear from the record, by whom this witness was introduced. It has been decided in one of our Superior Courts, and is reported in 2
 
 Hayw.
 
 29, that the Defendant, in an action for malicious prosecution, may give in evidence what he swore on the trial of the indictment. Whether this decision be justified by the
 
 principle of necessity,
 
 or rest on the ground of the
 
 res gestee,
 
 is not at present to he determined. It is not necessary now to enquire into the correctness of this decision ; but on the spur of the occasion, it seems to be a violation of that cardinal rule of evidence, and fundamental piineiple of justice, which prohibits any man from being a witness in his own cause, and should it be confirmed, may be productive of iuconvenient and deleterious consequences. (2
 
 Starkie on Ev.
 
 916,
 
 917
 
 )
 

 If the Plaintiff introduced this witness, to give in evidence the statement made by Defendant before the examining Magistrates, the Plaintiff could not garble that statement. If he gave in evidence a part, the Defendant had a right to insist on the production of the w hole. If the witness was brought fortv. rd by tl-.rD. femlant, as is inferred from the record, let it be recollected, that the Plaintiff made, no objection to hi® introduction, and permitted him to detail all the circumstances deposed by the Defendant, without objecting to their admissibility, until the witness reached that part of the statement which emanated from the negro ; to the admission of this part, the Plaintiff’s Counsel objected. It, is not necessary now to enquire, whether it were competent for the De- , fendant to give in eviuence this statement. The Plain
 
 *172
 
 tiff did not object to the testimony, but acquiesced in its admissibility, and lias therefore waived all right at this period to complain of its introduction. It is said however, that the Plaintiff did object to the admissibility of that part which has been sworn to by the Defendant, as •having been communicated to him by the negro, and that the Court admitted it notwithstanding the objection.— The Plaintiff had no right to a mutilated or garbled statement of that testimony. If a part be given in evidence, the whole should be received.
 

 Two other witnesses were introduced by the Defendant, who had seen the Plaintiff and tfie negro woman together,.on the day preceding that on which the warrant was issued, and in the same neighborhood
 
 ;
 
 and they gave in evidence circumstances calculated to excite well-grounded suspicions unfavorable to the Plaintiff, and even to produce a belief, that there was probable cause for the accusation on which the Plaintilf was arrested. But there was no evidence to show, that these circumstances came to the knowledge of the Defendant before the arrest was made, or to show at what time he obtained information of them. It is true, the enquiry is as to the Defendant’s having probable cause for making the accusation, and those facts and circumstances, which •did not come to
 
 Ms
 
 knowledge before the commencement of the prosecution, although tiiey had previously occurred, are not evidence of
 
 Ms
 
 having probable cause to make the accusation. But the Plaintiff did not object to this testimony. He virtually assented to its introduction, and acquiesced in its admissibility, and has thereby waived all right to complain of its introduction, even if it had been improvidently received by the Court, which is by no means conceded. It appears that this testimony was not introduced, for the purpose of showing that the Defendant had probable cause for instituting the prosecution, but to corroborate the statement which had been made by the Defendant on oath, before the examin.-
 
 *173
 
 ing Magistrates, and which was given in evidence to the jury, who were to pass on its truth or falsity. The De- * fendant having sworn before the examining Magistrates that on the
 
 day of the arrest,
 
 the declarations of the Plaintiff were strange and incredible, his deportment and conduct singular and unbecoming, and detailed the particulars thereof, all of which were well calculated to excite a belief of probable cause for the accusation made j and these two witnesses on the preceding day having heard the Plaintiff make the like, or very similar declarations, and having seen him exhibit the same deportment and conduct, their testimony might be taken into consideration by the jury, in their search after truth, as a mere circumstance in ascertaining the credit to which the statement was entitled, that had been made by the Defendant before the examining Magistrates; and the more particularly, as their testimony was confined to the acts and declarations of the Plaintiff himself.
 

 The presiding Judge instructed the jury, that informing their opinion of the truth or falsity of the statement, made by the Defendant before the examining Magistrates, they might take into their consideration the circumstances deposed to by these two witnesses. No particular instruction was requested by the Counsel to be given to the jury ; who were told that they were the exclusive judges of the credit of the witnesses, and of the truth or falsehood of the circumstances deposed. The verdict accords with the justice of the case. I perceive no error for which it should be disturbed. The Court regret that the Plaintiff has been here without Counsel, and that they have had to look into his case without the benefit of argument.
 

 Per Curiam. — Let the rule for a new trial be discharged, and the judgment be affirmed.