## L. E. FAIRCHILD v. NEW ORLEANS AND NORTH-EASTERN RAILROAD COMPANY.

CUTTING TREES.  *Corporation not liable for, when.  Case in judgment.*

The New Orleans and North-Eastern Railroad Company, a corporation, was engaged in the erection of a telephone line along its right of way, the work being under the supervision of T., who was charged with the duty of procuring the necessary poles, which he was directed by the superintendent of the railroad to get from the corporation's right of way. The laborers employed were explicitly instructed by T. to confine themselves to the right of way, which was clearly defined, in cutting trees for poles. They negligently or wilfully cut certain trees, using them as poles, from the land of F. who brought this suit against the corporation to recover the statutory penalty for such cutting under chapter 30 of the Code of 1880. *Held,* that the laborers being the mere sentient tools of the corporation, authorized by the nature of the employment to exercise no discretion or judgment as representatives of the corporation, but simply charged with the performance of the physical labor necessary to the execution of their instructions, the corporation is not liable for the trespass committed by them in disobedience of their instructions.

APPEAL from the Circuit Court of Lauderdale County.

Hon. S. H. TERRAL, Judge.

The case is stated in the opinion of the court.

*Dial & Witherspoon*, for the appellant.

The instructions of defendant to its agent to cut trees on defendant's right of way were inadmissible as evidence, and should have been excluded. Even if admitted as evidence, the railroad authorities are presumed to be present always along the line of the road, looking on and commanding every act done by servants in the scope of their employment. Redf. on Rys. 384, 386; Story on Ag. 451, 452; 38 Miss. 242.

*J. W. Fewell*, for the appellee.

The officers of the company gave positive orders that no poles be cut from lands lying outside the right of way. To cut poles off private lands in disobedience to this order is a trespass for which the company is not liable.

COOPER, J., delivered the opinion of the court.

The appellee was engaged in the erection of a telephone

line along its right of way, the work being under the supervision of its agent, Thompson, who was charged with the duty of procuring the necessary poles, which he was directed by the superintendent to get from the appellee's right of way. The laborers employed negligently or wilfully cut certain trees from the land of the appellant, which were used as poles for the telephone line, and this suit is brought to recover the statutory penalty for such cutting. The testimony is conflicting as to the instructions given by Thompson to the laborers in reference to the locality from which the poles were to be obtained, he testifying that he explicitly instructed them to confine themselves to the right of way, which was clearly defined, while it was testified by a witness for the plaintiff that his instructions were to get them from the right of way if they were to be had there, and if not, to obtain them from the adjacent land. We must assume that the judge below, by whom the case was tried, a jury being waived, believed the witness Thompson.

It is, however, said by the appellant that as a corporation can only act by and through its agents, it must be held that the corporation was itself present through its agents, the laborers, and if it was so present then the negligence or wilfulness of the laborers was the negligence or wilfulness of the defendant. The principle invoked would be applicable if the injury had been caused by the negligence of Thompson, the agent of the corporation, who was charged with the performance of the work of constructing the line; but the mere laborers who were under his control and direction did not occupy the attitude of agents of the company within the rule invoked.

These laborers were the mere sentient tools of the company, authorized by the character of their employment to exercise no discretion or judgment as the representatives of the corporation, but were simply charged with performance of the physical labor necessary to the execution of the instructions of their superior.

The judgment is affirmed.