# Marks & Co. v. Hastings.

*Action to recover Damages for Malicious Prosecution.*

1.  *Admissibility of secondary evidence of contents of affidavit and warrant of arrest.*—When there is evidence that, after an arrest was made, the sheriff enclosed the affidavit and warrant in an envelope, which he sealed, addressed and mailed, secondary evidence of the contents of such affidavit and warrant is admissible, although it was not shown to whom the envelope was addressed, and although the magistrate before whom the affidavit was made and by whom the warrant was issued, testified that he had been unable to find them after making diligent search in his office, and he had never received them from the sheriff ; it being the sheriff's duty to deliver the papers to the magistrate issuing them and to whom they were returnable, it will be presumed, in absence of evidence to the contrary, that he performed his duty and addressed the envelope to the proper officer.

2.  *Evidence; admissibility of telegrams, and of statements by the defen-*

*dant.*—In an action for malicious prosecution, telegrams by plaintiff's employers to defendant, to induce him to abandon the prosecution, and declarations by defendant on being shown the telegrams, that he would not withdraw the criminal proceedings, that he wanted the warrant executed, that plaintiff was a thief, and he would not dismiss the prosecution, are admissible as tending to show the zeal and motive of the defendant in the prosecution.

3. *Irrelevant evidence; number of persons present when plaintiff arrested.*—In an action for malicious prosecution, evidence as to the number of persons present when the officer went to arrest the plaintiff is irrelevant and inadmissible, the defendant not being responsible for any abuse in the manner of making the arrest, which was not directed by, participated in, or subsequently approved by him.

4. *Malicious prosecution; advice of magistrate issuing warrant as a defense.*—In an action for malicious prosecution, the fact that the defendant in instituting the prosecution acted under the advice of the magistrate issuing the warrant, who was also a practising attorney, does not constitute a valid defense. (COLEMAN, J., dissenting.)

5. *Charge as to the assessment of damages; when erroneous.*—In an action for malicious prosecution, an instruction to the jury that, if the prosecution was instituted maliciously and without probable cause, the jury might find for the plaintiff, and assess damages in such an amount as they determined the plaintiff was entitled to, without direction as to the elements of damages or the principles by which the jury's discretion should be governed, is erroneous and should not be given.

6. *General affirmative charge.*—In an action for malicious prosecution against two defendants, where the evidence is conflicting as to the liability against one of them, the general affirmative charge for the defendants is properly refused, although a similar charge, applicable to the other defendant, might have been correct.

7. *Charge to the jury; right of defendant to dismiss prosecution.*—In an action for malicious prosecution, where the evidence shows that the defendant refused to withdraw the prosecution, a charge to the jury that defendant had no authority to dismiss the prosecution is abstract and erroneous, since the prosecutor could have dismissed the prosecution by permission of the court.

8. *Liability of one partner for the arrest of a person by his co-partner.*—One partner is not liable for the arrest or prosecution of another person by his co-partner, on a charge of larceny of partnership property, unless he advises or directs it, or participates therein, and he is then liable only in his individual capacity.

APPEAL from the Anniston City Court.

Tried before the Hon. B. F. CASSADY.

This was an action brought by the appellee, Effie Hastings, against H. C. Marks & Co., a partnership composed of H. C. Marks and Sol Edel; and sought to

[Marks & Co. v. Hastings.]

recover from the defendants as a firm and as individuals damages for maliciously, and without probable cause, causing the plaintiff to be arrested under a warrant charging her with larceny.

The principal facts of the case and most of the rulings of the court upon the evidence are sufficiently stated in the opinion.

Upon the examination of J. F. Creen, who was the notary public and *ex-officio* justice of the peace who issued the warrant and before whom the plaintiff was tried and acquitted, he testified, among other things, "that he had no recollection of advising a prosecution against Miss Hastings, or of advising Mr. Edel that such a prosecution could be maintained on the facts related to, and in his hearing by him, before the affidavit was made for her arrest. That he never advised Edel at all as an attorney, but the facts were related to him as a magistrate."

F. H. Lyde, a witness in behalf of the plaintiff, testified that he was the deputy sheriff of Jefferson county who made the arrest of the plaintiff. The plaintiff's counsel then asked the witness: "How many persons were present when the arrest was made?" The defendants objected to this question, and duly excepted to the court's overruling their objection. A similar question was asked A. Hirsch, who testified that he was present when the plaintiff was arrested, and the defendants again excepted to the court's overruling their objection to the question. Upon the further examination of said Hirsch, in whose employ the plaintiff was at the time of her arrest, he was shown a telegram of which the following is a copy: "Mr. Sol Edel, care H. C. Marks & Co., Anniston, Ala. Please withdraw by wire prosecution of Miss Hastings. We become responsible for four dollars and costs. Answer. Hirsch Dry Goods & Mill'y Co." He was then asked whether or not he sent the original of such telegram to Sol Edel. Defendants objected to this question on the ground that the evidence sought to be elicited was irrelevant, and that it was not shown that the telegram ever reached Sol Edel. The court overruled this objection, and defendants duly excepted. Upon the witness answering that it was a copy of the original telegram sent by him to said Edel, he was asked, "If he got any reply from the telegram?" The defendants objected to this question on the same grounds, and duly

excepted to the court's overruling their objection. On the examination of one Ullman as a witness for the plaintiff, he testified that he received from Mr. Hirsch a telegram of which the following is a copy : "To Leon Ullman. Sol Edel is prosecuting a young lady for four dollars for larceny. Prevail upon him to abandon the prosecution and telegraph sheriff here. Telegraph me result immediately. August Hirsch." This witness testified that he showed this telegram to Sol Edel, and that "Sol Edel told him, after he had shown him the telegram, that he, Edel, had positive proof that Effie Hastings was a thief or a d—d thief, he could not say positively which, and that he would not dismiss the prosecution." The defendants moved the court to exclude this testimony of the witness Ullman as to Edel's declarations, on the grounds thas it was irrelevant, and duly excepted to the court's overruling their motion. Sol Edel, one of the defendants, testified in his own behalf that after stating the facts of the case to Mr. J. F. Creen, "I asked Mr. Creen if he thought I had sufficient ground to have Miss Hastings arrested for larceny of the jacket. Mr. Creen replied that he thought I had sufficient grounds, and I then made an affidavit for her arrest," before Mr. Creen. This witness also testified that Ullman showed him the telegram, and that he refused to dismiss the prosecution. It was also in evidence that H. C. Marks of the firm of H. C. Marks & Co. had nothing to do with the prosecution, and was at the time in South Carolina.

At the request of the plaintiff the court gave the following written charges to the jury : (1.) "If you believe from the evidence that Judge Creen did not advise the prosecution, then the advice of Creen will not avail the defendants to justify the prosecution." (2.) "Malice may be inferred from the want of probable cause for setting the prosecution on foot, and if you find from the testimony that in this case there was no probable cause for believing that the plaintiff was guilty of larceny when the prosecution, and that the prosecution, was instituted and conducted by defendants, causelessly and maliciously, then the jury may find for the plaintiff and assess her damages in such an amount as you determine she is entitled to." The defendant separately excepted to the giving of each of these charges, and also separately excepted to the court's refusal to give each of

[Marks & Co. v. Hastings.]

the following charges requested by them : (1.) "If the jury believed the evidence they must find for the defendants." (2.) "The court charges the jury that Sol Edel had no power or authority to dismiss the prosecution against Miss Hastings after it had been commenced." (3.) "If the jury believe from the evidence that Edel acted in good faith in making said affidavit, after a full and fair statement of the facts to Mr. Creen, and that Mr. Creen advised such course, then they must find for the defendants."

There was judgment for the plaintiff, and the judgment entry recites " that the plaintiff have and recover of the defendants the sum of $5,500, together with the costs in this behalf expended, for which let execution issue."

After the rendition of the judgment, the defendants moved the court to set aside the judgment and grant them a new trial on the grounds, *first*, that there was no evidence in the cause tending to show that H. C. Marks had any connection with the prosecution ; and, *second*, that the verdict of the jury is contrary to the weight of the evidence. H. C. Marks, one of the defendants, also separately moved the court to set aside the judgment as to him and to grant him a new trial as there was no evidence tending to connect him with the prosecution. The court overruled each of these motions, and the defendants and H. C. Marks separately excepted to the overruling of said motions by the court.

The defendants appeal, and assign as error the several rulings of the trial court to which exceptions were reserved.

KELLY & SMITH, and J. J. WILLETT, for appellants.—One partner is not liable in an action for malicious prosecution for the arrest of a person by his co-partner, on a charge of larceny from the firm, unless he advised or participated in the arrest.—*Gilbert v. Emmons*, 89 Amer. Dec. 412 ; 1 Lindley on Partnership, § 300 ; *Arbuckle v. Taylor*, 3 Dowling's Rep. 160. The court erred in refusing to give each of the written charges requested. The advice of Creen was sufficient to justify Edel in instituting the prosecution. He was both a lawyer and a justice.—*Schippel v. Norton*, 16 Pac. Rep. 804 ; *Moore v. R. R. Co.*, 33 N. W. Rep. 334. The court erred

in its written charge as to the measure of damages. The charge instructed the jury to give plaintiff such damages as you determine she is entitled to. They were made by that instruction a law unto themselves, freed from all restraints to assess damages at their own will and pleasure. The charge was erroneous.—2 Greenleaf on Evidence, § 253 ; *True v. Plumley*, 36 Maine 482 ; *Rose v. Story*, 1 Pa. St. 190 ; *Howard v. Taylor*, 90 Ala. 241, 8 So. Rep. 36.

KNOX & BOWIE, *contra.*—(1.) The proof of loss of affidavit and bond charging Effie Hastings with larceny is sufficient.—1 Wharton on Evidence, §§ 147, 148 ; *Potts v. Coleman*, 86 Ala. 94, 5 So. Rep. 780 ; *Baucum v. George*, 65 Ala. 259. (2.) All the testimony shedding any light upon the conduct of Edel in the prosecution, his manner and the interest that he manifested, and the words that he used, are competent under the decision of this court in the case of *Motes v. Bates*, 74 Ala. 374. (3.) H. C. Marks is liable as well as Edel, for he was a member of the firm of H. C. Marks & Co., and the rule is that a firm is liable if a criminal prosecution is necessary in the interest of the firm by one of the partners, and the other partners knowing of the prosecution do not dissent, or upon knowing of the prosecution acquiesce or approve, though they may not take any part in it. The relation of partners in matters of contract is that principally of agent.—Bishop on Contracts, §§ 692–696 ; 1 Bates on Partnership, §§ 461, 428, 466 ; 1 Lindley on Partnership, B. 2, C. 1 ; 4 Amer. & Eng. Encyc. of Law, 39. (4.) The relation of partners is different from that of stockholders in a corporation, where the liability is limited to an interest in the company. When a suit is brought against the partnership in the firm name, an execution issued on a judgment can only reach partnership assets. It is different where the suit is against the firm, and service of process is made against each individual member. In such cases, the judgment is against the firm, but execution issued on that judgment may be levied, not only on the partnership property and assets, but the individual assets as well. These distinctions are clearly pointed out in the case of *Cox v. Harris*, 48 Ala. 538.

[Marks & Co. v. Hastings.]

HARALSON, J.—This is a suit by appellee against appellants, as individuals and as partners, under the firm name of H. C. Marks & Co.,to recover damages for maliciously, and without probable cause, causing her to be arrested on a charge of larceny. It is shown, that the article alleged to have been stolen belonged to the partnership, and that the complaint was made, and the issue of the warrant procured, by Sol. Edel, one of the partners ; also that the prosecution has terminated, and plaintiff discharged. Exclusive of the participation of H. C. Marks, the other partner, in the prosecution, the only controverted issues involved the existence of malice and of probable cause.

The first exception is to the admission of secondary evidence of the contents of the affidavit and warrant, the ground of objection being, that the loss was not sufficiently shown. The preliminary proof is, that the affidavit and warrant were sent to the sheriff of Jefferson county. The deputy who made the arrest, turned over to the sheriff the affidavit, warrant and bail bond made by plaintiff, asking him to return them to the magistrate before whom the case was to be tried, and that the sheriff enclosed the affidavit, warrant and bond in an envelope, which he sealed and addressed, and which was mailed ; but to whom addressed was not shown. The magistrate, before whom the affidavit was made and who issued the warrant, made diligent search in his office, and was unable to find the papers ; he further testified, that he never received them from the sheriff. The only defect in the proof, is the failure to show to whom the sheriff addressed the envelope. It being his duty, under the statute, to deliver the warrant to the magistrate issuing it, and before whom it was returnable, the presumption should be indulged, in the absence of proof to the contrary, that, in discharging his duty, he addressed the envelope to the proper officer. There being no ground to suspect, that the papers were withheld for an improper purpose, we think the preliminary proof is *prima facie* sufficient to allow secondary evidence of the contents of the affidavit and warrant.

Exceptions were also taken to the admissibility of two telegrams, one sent by Hirsch to Edel, and the other by Hirsch to Ullman ; also the declarations of Edel to the effect, that he would not withdraw the criminal proceed-

ing ; he wanted the warrant executed ; that plaintiff was a thief, and he would not dismiss the prosecution. Plaintiff was, at the time the telegrams were sent, in the employment of Hirsch, and their object was to induce Edel to abandon the prosecution. No objection was made to the introduction of copies of the telegrams. The only specified objection is, that the one sent to Edel was not shown to have been received by him. This objection is not founded in fact ; for the magistrate testifies that Edel showed him the telegram, at which time he made the first two declarations referred to. The other was made, on being shown the telegram received by Ullman. The declarations tended to show the determination of Edel to continue the prosecution, and with the telegrams were relevant and admissible on the question of malice. Any acts or declarations of the defendant tending to show zeal, or persistency in the prosecution, or a purpose to vex or oppress the plaintiff are competent evidence. The motive which influenced the prosecution may be inferred from subsequent conduct.

The exception to the testimony as to the number of persons present when the officer went to arrest plaintiff is well taken. Defendants are not responsible for any wrong or abuse in the manner of making arrest, which was not directed by them, or in which they did not participate, or subsequently approve. Such evidence is not relevant to the issues, having no bearing on the question of malice or probable cause, and only tends to increase the amount of the recovery, by exciting the sympathy of the jury ; and this, by proof of facts which form no basis of recoverable damages.

There being evidence tending to show that Creen, the magistrate who issued the warrant, but who is, also, a practising attorney, advised Edel, upon a statement of the facts, there were sufficient grounds for a prosecution, defendants asked the court to charge : "If the jury believe from the evidence, that Edel acted in good faith in making said affidavit, after a full and fair statement of the facts to Mr. Creen, and that Mr. Creen advised such course, then they must find for defendants." It may be regarded as elementary, that to maintain an action for malicious prosecution, it must be affirmatively shown, that the criminal proceeding was instituted or continued, not only through malicious motives, but also, without

probable cause. These essentials must co-exist. The existence of probable cause does not depend upon the actual guilt of the accused. It may exist, though no offense in fact has been committed. The rule, that the advice of counsel, sought and acted on in good faith, will exempt from liability, is founded on the doctrine, that the question of probable cause rests on an honest and reasonable belief, on the part of the prosecutor, of the guilt of the accused based on such facts and circumstances as would lead a man of ordinary caution and prudence, acting conscientiously, reasonably and without prejudice, to believe, that the person accused is guilty, and such advice, if acted on in good faith, repels all imputation of malice which is inferred from mere want of probable cause. It is definitely and comprehensively stated in *Jordan v. Ala. Gr. So. R. R. Co.*, 81 Ala. 227, 8 So. Rep. 191, by STONE, C. J, in the following language : "Where a prosecutor has fully and fairly submitted to learned counsel all the facts which he knows, or by proper diligence could know, to be capable of proof, and is advised that they are sufficient to sustain the prosecution, and, acting in good faith upon such opinion, he does institute criminal proceeding, he can not be held liable in an action for malicious prosecution, although the legal opinion given be erroneous. Such advice, honestly sought and acted on, supplies the indispensable element of probable cause." This rule originated in the policy of the law to encourage prosecutions when there is probable cause, actual or constructive, and is founded on the theory that persons, who have made the law their study and followed it as a profession, are well recognized advisers on questions of law, and that the citizen is justified in relying and acting on their advice. The protecting power of the rule is limited to the advice of licensed attorneys in good standing, and of reputed learning and competency ; it should not be extended beyond these limitations.

The charge under consideration, when referred to the evidence, raises the question, whether the advice of a justice of the peace, when he is also a practising attorney, after a full and fair statement of the facts to him, advises that the prosecution can be maintained, should be allowed the same place in the defense to an action of this character, as is given to the advice of learned coun-

sel. The general rule is, that the advice of a magistrate can not justify a prosecution.—14 Amer. & Eng. Encyc. of Law, 57. Does the fact, that the magistrate is also a practising attorney, have a different effect? We think not. The policy of the law forbids a justice of the peace to act as an attorney, or to advise in regard to a prosecution intended to be instituted before him. The evidence tends to show, that the facts were not stated to Creen nor his advice asked as an attorney, but only as a justice of the peace. A magistrate, acting as such, is not a professional adviser. Upon complaint being made that a public offense has been committed, it becomes the duty of a justice of the peace, under the statutes, to examine the complaint and such witnesses as he may propose, then determine whether there is reasonable ground to believe that the accused is guilty thereof, and if he so finds to issue a warrant of arrest.—Code, §§ 4256–4258. It would be highly improper for him to prejudge the case. Creen, not being charged in his official capacity with the duty of advising defendants to commence a criminal proceeding before him, his advice can not justify their conduct. However learned in the law, it would be an impolitic and an unwarranted extension of the rule to allow the advice or opinion of a justice of the peace, in regard to the sufficiency of the grounds for the institution of a prosecution before him. It is proper to remark that Creen testifies that he has no recollection of giving such advice. There is no error in refusing the charge.— *Brobst v. Ruff*, 100 Penn. St. 91; 45 Amer. Rep. 358.

At the request of plaintiff, the court instructed the jury, upon the hypothesis that there was no probable cause for believing the plaintiff was guilty of larceny, and that the prosecution was instituted and conducted maliciously, they might find for the plaintiff and assess her damages in such an amount as they determine she is entitled to. The charge in respect to the assessment of damages left the jury to assess damages according to their judgment, caprice or sympathy, without direction or instruction as to the elements of damages, or the principles by which their discretion should be governed, or the grounds on which they were authorized to award damages, ''to be a law unto themselves, freed from all legal restraints, to assess damages at their own will and pleasure,'' unrestrained even by the lim-

itations of the complaint.—*True v. Plumley*, 36 Me. 466. Under the broad and unlimited terms of the charge, the jury could assess remote or speculative or exemplary damages, though no actual damage, the natural and proximate result of the wrong, was shown.—*Howard v. Taylor*, 90 Ala. 241, 8 So. Rep. 36; *Hamilton v. Smith*, 39 Mich. 222.

There being a conflict in the evidence so far as concerns Edel, the court did not err in refusing to give the affirmative charge for defendants, though a similar charge, applicable to Marks alone, might have been correct. Neither was there error in refusing to charge that Edel had no authority to dismiss the prosecution after it had been commenced. The charge was misleading; the prosecutor could have dismissed the prosecution by permission of the court. Had the evidence shown, that application was made, and the court refused to allow its dismissal, the charge would have been correct; but the evidence showing, on the contrary, that Edel refused to withdraw the prosecution, it was abstract.

The remaining questions arise on the refusal of the court to grant a new trial. Two motions were made for this purpose, one by the defendants jointly and the other by Marks separately. As the judgment must be reversed on other grounds and another trial had, we shall, in consideration that injustice might thereby be done to one or the other parties, refrain from discussing the evidence so far as regards Edel; and would pursue the same course in respect to the separate motion by Marks, were it not, that the complaint proceeds on the theory that the defendants are jointly and severally liable as partners. Though a partnership is responsible for the wrongful act of one of its members, committed in the course, and for the purpose of transacting the partnership business, the willful tort of one partner, when not so committed, is not imputable to the firm. A prosecution for larceny for goods stolen from the firm, is not within the scope of a mercantile partnership. From this principle results the settled rule, that one partner can not be made liable for the arrest or prosecution of a person by a co-partner, on a charge of larceny of partnership property, unless he advises, directs or participates therein, and then only in his individual capacity. Mere knowledge of the prosecution and mere passiveness are not suffi-

[Marks & Co. v. Hastings.]

cient to render him liable.—*Gilbert v. Emmons*, 42 Ill. 143 ; 89 Am. Dec. 412 ; 1 Lindley on Part., 149.   The evidence shows that Marks was in South Carolina when the prosecution was commenced ; and he testifies that he had nothing to do with it, and knew nothing of it until he was summoned as a witness on the preliminary trial.   The only testimony other than the fact of his being a partner by which it is attempted to connect him with the prosecution is, that he was seen conversing with Edel during the progress of the trial.   The preponderance of the evidence is so decided as to clearly convince us that the verdict is wrong and unjust as to Marks.

This opinion was prepared by the late associate Justice Clopton, and adopted by the court.

Reversed and remanded.

COLEMAN, J.—I incline to the view that the opinion in this case should be explained or qualified.   To sustain the action, it must be shown that the prosecutor was actuated by malice and acted without probable cause. When a person goes before a magistrate, and makes affidavit that an offense has been committed, and that he has reasonable grounds for believing that A. B. is guilty—without more—and the magistrate issues a warrant upon such affidavit, the fact that the magistrate issued a warrant can not be given in evidence by the defendant, either upon the question of malice or probable cause.

Section 4256 of the Criminal Code makes it the duty of the magistrate before whom complaint is made, "to examine the complainant, and such witnesses as he may propose, on oath, take their depositions in writing, and cause them to be subscribed by the person making them."

Section 4257 : "The depositions must set forth the facts stated by the complainant and his witnesses, tending to establish the commission of the offense, and the guilt of the defendant."

Section 4258 : "If the magistrate is reasonably satisfied from such depositions that the offense complained of has been committed, and there is reasonable ground to believe that the defendant is guilty thereof, he must issue a warrant of arrest."

My understanding of the law is, that if the party com-

plaining pursues the above provisions of the statute, and
makes a full and fair statement of the facts, and as he
has reasonable grounds to believe they exist, after a fair
investigation, and the magistrate, in the discharge of his
judicial duty, being reasonably satisfied from the state-
ment that the offense has been committed, issues a war-
rant of arrest, under which the accused is prosecuted,
the party complaining before the magistrate, if after-
wards sued for a malicious prosecution, is entitled, on
the question of malice, to the benefit of the proceedings
and complaint before the magistrate, as evidence tending
to rebut malice.

It is well settled, "That a prosecutor, who fully and
fairly submits to counsel, learned in the law, all the facts
which he knows, and by proper diligence could know, to
be capable of proof, and is advised that they are sufficent
to sustain the prosecution, and, acting in good faith up-
on such opinion, he does institute criminal proceedings,
he can not be held liable in an action for malicious pros-
ecution, although the legal opinion given be erroneous.
Such advice, honestly sought and honestly acted on, sup-
plies the indispensable element of probable cause. And
such advice conscientiously sought and obtained tends
to rebut malice."—*Jordan v. Ala. Gr. So. R. R. Co.*, 81
Ala. 227, 8 So. Rep. 191; *McLeod v. McLeod*, 73 Ala. 42;
*Leaird v. Davis*, 17 Ala. 27. Such advice thus acted upon,
as a matter of law, furnishes a complete defense to the
whole action.

The weight of authority, in my opinion, holds that
such advice given by a justice of the peace, though acted
upon, will not afford the prosecutor a complete defense.
Without proof of malice a suit for malicious prosecution
can not be maintained. Whatever legally rebuts proof
of malice should be admitted in evidence. In the case
at bar, the defendant testified that he "called to see J.
F. Creen, and related to him what I had heard, as
above stated. * * * I then told him to talk with Regina,
and she told him in my presence," &c. "After this
conference, I asked Mr. Creen, if he thought I had suffi-
cient ground to have Miss Hastings arrested for the lar-
ceny? Mr. Creen replied he thought I did have sufficient
grounds and I then made the affidavit for her arrest."
Mr. Creen, as the evidence shows, was a practising at-
torney of ten years. He was also a magistrate, and

the affidavit for the arrest was made before him. It is evident that if the prosecutor had left Mr. Green, and gone before some other magistrate, and made the affidavit, these circumstances, if the facts were fully and fairly stated and his advice acted upon in good faith, would have furnished a complete defense. The evidence was certainly competent, in my opinion, upon the question of malice. The reason given why the advice of a justice of the peace will not justify the institution of a prosecution is that they are persons not learned in the law, and, therefore, the party is not justified in relying upon such advice; but when the proof shows that the magistrate is a person learned in the law, the reason fails, and the rule ought not to apply. It may have been improper for the justice of the peace to have issued the warrant in a case in which, as an attorney, he had given the advice. The fact that the warrant, ''after the conference with him,'' was sued out before him, ''may have been a question for the jury in determining whether the advice'' was honestly sought and honestly acted on—whether the prosecution was *bona fide*. It was certainly competent to show these facts, and if *bona fide* acted upon, their tendency was to repel malice. The following cases are authority upon this question, though I do not go to the extent of the proposition declared in some of the cases. *Ball v. Rawles*, 93 Cal. 222; 27 Am. St. 174; *Russ v. Hixon*, 46 Kansas, 560. This case is reported in 26 Am. St. Rep. 123, and a full discussion of the question may be found in the notes, with many citations. See also Newell on Malicious Prosecutions, p. 323, §§9, 10, and citations. *Newman v. Davis*, 58 Iowa, 447. This very question was decided in a recent Massachusetts case, which upholds the position here taken. *Monaghan v. Cox*, 155 Mass. 487, s. c. 31 Am. St. Rep. 555.

I concur that the case should be reversed.