(100 South. 122)
## DENT v. DE ARMAN. (6 Div. 108.)

(Supreme Court of Alabama. April 24, 1924.)

1. **Judges ⬭4—Judge of county court of misdemeanors presumed to be licensed attorney at law.**

In view of Local Acts 1919, p. 122, § 2, requiring that judge of county court of misdemeanors shall have been admitted to practice law within state, it will be presumed that incumbent was an attorney duly admitted and licensed.

2. **Malicious prosecution ⬭21(1)—Advice of counsel complete defense.**

Where advice is sought and obtained from person learned in law, and acted on in good faith in instituting criminal proceeding, it is complete defense.

3. **Malicious prosecution ⬭22—Advice of magistrate not complete defense.**

Advice sought from and given by judge of misdemeanors court, who is practicing attorney, and before whom prosecution is commenced, although acted on in good faith, is not complete defense.

4. **Malicious prosecution ⬭16—Lack of probable cause and malice necessary elements.**

To sustain action there must be some proof that defendant acted without probable cause and was actuated by malice.

5. **Malicious prosecution ⬭63—Evidence of advice of magistrate competent to rebut malice and in mitigation.**

In action for malicious prosecution, evidence that defendant, before swearing out warrant against plaintiff for reckless driving, consulted judge of misdemeanors court, who was licensed attorney, and who advised him to swear out warrant, and that he, in good faith, honestly acted on such advice, was competent as tending to rebut malice and in mitigation, and its exclusion was error.

Appeal from Circuit Court, Jefferson County; Richard V. Evans, Judge.

Action for false imprisonment and malicious prosecution by C. M. De Arman against L. H. Dent. Judgment for plaintiff, and defendant appeals. Transferred from Court

⬭For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

of Appeals under Acts 1911, p. 450, § 6. Reversed and remanded.

Matthews & Morrow, of Birmingham, for appellant.

To rebut the presence of malice, the defendant in a malicious prosecution suit may show that in instituting the prosecution he acted under the advice of a magistrate, who was also a licensed attorney, and that he sought and followed such advice in good faith and after a full disclosure of the facts. 18 R. C. L. (Malicious Prosecution) § 18; Morrow v. Carnes, 108 Ill. App. 621; Eihlcrt v. Gommoll, 23 Ohio Cir. Ct. R. 586; Turner v. Dinnegar, 20 Hun, 467; Monaghan v. Cox, 155 Mass. 487, 30 N. E. 467, 31 Am. St. Rep. 555; Rex v. Stewart, 6 Manitoba, 257; Florence Oil Co. v. Huff, 14 Colo. App. 281, 59 Pac. 624; White v. Tucker, 16 Ohio St. 468; Hirsch v. Feeney, 83 Ill. 548; Murphy v. Larsen, 77 Ill. 172; Hahn v. Schmidt, 64 Cal. 284, 30 Pac. 818; Ball v. Rawles, 93 Cal. 222, 28 Pac. 937, 27 Am. St. Rep. 174; Williams v. Casebeer, 126 Cal. 77, 58 Pac. 380; Fletcher v. Chicago R. R. Co., 109 Mich. 363, 67 N. W. 330; Cascarella v. Nat'l. Gro. Co., 151 Mich. 15, 114 N. W. 857; Cooney v. Chase, 81 Mich. 203, 45 N. W. 833; Sisk v. Hurst, 1 W. Va, 53; Mauldin v. Ball, 104 Tenn. 597, 58 S. W. 248; Wilkinson v. Arnold, 11 Ind. 45; Hooper v. Vernon, 74 Md. 136, 21 Atl. 556.

Erle Pettus and J. E. Bowron, both of Birmingham, for appellee.

No brief reached the Reporter.

MILLER, J. This is a suit for damages instituted by C. M. De Arman against L. H. Dent. There are two counts in the complaint: One is in form No. 19, denominated false imprisonment, and the other, No. 2, follows form No. 20, called malicious prosecution, on page 1198, Code 1907. Count 1 was eliminated by the charge of the court. Plaintiff in count 2 claims damages of defendant for maliciously and without probable cause therefor causing the plaintiff to be arrested under a warrant issued by H. H. Abernathy, judge of the Jefferson county court of misdemeanors, on a charge of reckless driving, which charge before the commencement of this action had been judicially investigated, prosecution ended, and plaintiff discharged.

The defendant pleaded general issue, with leave to give in evidence any matter admissible in defense of the action, with leave of plaintiff to give in evidence any matter admissible in reply to such defense. The jury returned a verdict in favor of the plaintiff, and from a judgment thereon by the court this appeal is prosecuted by the defendant.

There are many errors assigned, but there is practically only one question presented and insisted on by the appellant in his brief and argument.

The defendant, the appellant, in various forms and ways offered to prove—which the court would not permit him to do and to which he duly excepted—by his testimony, and by the testimony of H. B. Abernathy—

"That before swearing out the warrant against the plaintiff he consulted H. B. Abernathy, who was judge of the Jefferson county court of misdemeanors, and that he stated to the said Abernathy fully and fairly all the facts which he knew or could by reasonable diligence ascertain as to the charge of reckless driving of plaintiff, and that Judge Abernathy advised him to swear out the warrant and that he in good faith, honestly acted upon such advice and swore out the warrant on which plaintiff was arrested."

[1] The statute (Local Acts 1919, p. 122, § 2) requires that the judge of the Jefferson county court of misdemeanors shall have been admitted to practice law within the state of Alabama. H. B. Abernathy was at the time of giving this advice judge of this court, and we will presume that he was an attorney, admitted and licensed to practice law in this state as the act requires.

In Jordan v. A. G. S. R. R. Co., 81 Ala. 226, 8 South. 191, Chief Justice Stone wrote for the court:

"Where a prosecutor has fully and fairly submitted to learned counsel all the facts which he knows, or by proper diligence could know to be capable of proof, and is advised that they are sufficient to sustain the prosecution, and acting in good faith upon such opinion he does institute criminal proceeding, he cannot be held liable in an action for malicious prosecution, although the legal opinion given be erroneous. Such advice, honestly sought and honestly acted on, supplies the indispensable element of probable cause. McLeod v. McLeod, 73 Ala. 42; Steed v. Knowles, 79 Ala. 446; 4 Wait Ac. & Def. 354. And such advice conscientiously sought and obtained tends to rebut malice as well."

We find and are cited by attorneys to only two cases in this state, which shed light on the question presented in this cause, and they are not exactly in point. In Marks & Co. v. Hastings, 101 Ala. 165, 13 South. 297, there was evidence introduced tending to show the magistrate who issued the warrant was a practicing attorney, and he advised the prosecutor, upon the statement of facts made to him, that there was sufficient grounds for a prosecution and on that evidence the defendant asked the court to charge the jury:

"If the jury believe from the evidence that Edel acted in good faith in making said affidavit, after a full and fair statement of the facts to Mr. Creen, and that Mr. Creen advised such course, then they must find for defendants."

The court in passing on that charge wrote:

"The charge under consideration, when referred to the evidence, raises the question whether the advice of a justice of the peace, when he is also a practicing attorney, after a full and fair statement of the facts to him, advises that the prosecution can be maintained, should be allowed the same place in the defense to an action of this character, as is given to the advice of learned counsel. The general rule is that the advice of a magistrate cannot justify a prosecution. 14 Am. & Eng. Encyc. of Law, 57. Does the fact that the magistrate is also a practicing attorney, have a different effect? We think not. The policy of the law forbids a justice of the peace to act as an attorney, or to advise in regard to a prosecution intended to be instituted before him."

In Hotel Supply Co. v. Reid, 16 Ala. App. 563, 80 South. 137, the court wrote:

"The fact that the defendant acted on advice of the magistrate in instituting the prosecution, although the magistrate was a lawyer, does not constitute a valid defense. Marks & Co. v. Hastings, 101 Ala. 165, 13 South. 297."

[2, 3] In each of the above cases the evidence was admitted by the trial court; and it was held such evidence would not be allowed the same place in the defense as is given the advice of learned counsel, but neither case held that such evidence was not admissible for any purpose. When the advice is sought and obtained from a person learned in the law, and acted upon under the circumstances stated in the rule, it furnishes a complete defense to the whole action. It constitutes a valid defense to the action for malicious prosecution. Jordan v. A. G. S. R. R. Co., 81 Ala. 227, 8 South. 191. But if the advice is sought from and given by a judge of a misdemeanor court, who is a practicing attorney, before whom the prosecution is commenced, although acted upon in good faith, it will not be a complete defense, a valid defense, to an action for malicious prosecution. Marks v. Hastings, 101 Ala. 165, 13 South. 297; Hotel Supply Co. v. Reid, 16 Ala. App. 563, 80 South. 137. But would it be competent and relevant evidence to be considered by the jury as tending to show absence of malice and in mitigation of damages? We think so.

[4, 5] In count 2 plaintiff claims of the defendant damages for maliciously and without probable cause therefor causing him to be arrested under a warrant on a charge of reckless driving; and to sustain the action there must be some proof that the defendant acted without probable cause and was actuated by malice. Any evidence would be competent which tended to negative the averment of malice or tended to show probable cause or excuse the want of it. This evidence should have been submitted to the jury by the court that the prosecution was not commenced by the defendant until after he had first presented all the facts, fully and fairly, within his knowledge, to the magistrate, the judge of the court, who was a licensed lawyer, and who thereupon advised him to sue out the warrant, and he in good faith acted upon that opinion and advice of the magistrate and made the affidavit for the issuance of the warrant on the charge of reckless driving. This evidence was competent, not as a valid defense to the action, not as a complete defense to the action, but as tending to rebut the charge of malice, and in mitigation of damages. This evidence, which was excluded by the court, should have been presented to the jury as a circumstance for them to consider in determining whether the defendant acted in good faith, without malice, in making the affidavit, thereby causing the warrant to be issued and the plaintiff to be arrested. Authorities supra.

For the errors mentioned, the judgment is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.