## NIXON v. SAMPSON. (8 Div. 880.)

(Supreme Court of Alabama. Dec. 16, 1926.)

1. **Malicious prosecution ⊜⇒16—Plaintiff must prove prosecution complained of was instituted without probable cause, with malice, and termination in his favor.**

In action for malicious prosecution, burden rests upon plaintiff to prove that prosecution was instituted without probable cause, that it was malicious, and that it had been determined in his favor.

2. **Malicious prosecution ⊜⇒60(1)—Refusal to permit defendant in malicious prosecution to show, on cross-examination, that he was acting without malice, in procuring warrant from justice testifying, held error.**

Refusal to permit defendant in malicious prosecution action to cross-examine justice of peace issuing warrant, as to matters indicating that defendant was acting without malice, as owner of land trespassed upon, when he procured warrant, *held* error.

3. **Malicious prosecution ⊜⇒63—Limiting evidence as to advice of justice of peace issuing warrant to mitigation of damages held not error.**

In action for malicious prosecution, limiting of evidence given as to advice of justice of peace, issuing warrant, to consideration in mitigation of damages, *held* not error; justice not having been shown to be practicing attorney and learned in law.

4. **Malicious prosecution ⊜⇒59(1)—Exclusion of evidence concerning probable cause and malice in bringing trespass prosecution held error.**

In action for malicious prosecution, exclusion of evidence that witness was agent of defendant when warning people to stay off property, and that notices were posted on property claimed trespassed upon, *held* error, testimony being competent as to question of probable cause and malice in getting warrant issued because of defendant's trespass.

5. **Malicious prosecution ⊜⇒59(7)—Evidence of dismissal of prosecution held admissible on question of probable cause, malice, and resulting injury.**

In action for malicious prosecution, evidence that criminal prosecution against plaintiff had been dismissed and defendant's connection therewith *held* admissible as shedding light upon question of probable cause and malice and resulting injury to plaintiff.

6. **Malicious prosecution ⊜⇒16—Probable cause is defense, though prosecution was malicious.**

If defendant in malicious prosecution action had probable cause to believe that plaintiff was guilty of trespass after warning, plaintiff could not recover, no matter how malicious defendant may have acted.

7. **Trial ⊜⇒260(6)—Refusal in malicious prosecution action of requested charge covered by given charges held not error.**

In action for malicious prosecution, refusal of requested charge covered by given charges *held* not error.

8. **Malicious prosecution ⊜⇒72(1)—Charge denying recovery for malicious prosecution held properly refused as confusing.**

Charge, that, if defendant believed that he was in proper possession of land claimed trespassed on, and that there was probable cause for prosecution of plaintiff for trespass after warning, verdict should be for defendant, *held* properly refused as confusing, if not palpably erroneous. ·

9. **Trial ⊜⇒244(3)—Charge requiring verdict for defendant in malicious prosecution held properly refused as emphasizing evidence.**

Charge, that, if from conduct and declarations of named persons defendant had probable cause to believe that prosecution against plaintiff for trespass after warning would lie, verdict should be for defendant, *held* properly refused as emphasizing parts of evidence.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Action by O. P. Sampson against James N. Nixon. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals, under Code 1923, § 7326. Reversed and remanded.

Refused charges 5 and 6 are as follows:

(5) The court charges the jury that, if from all the evidence in the case that defendant had reasonable cause to believe that he was in proper possession of the land, and that there was probable cause for the prosecution of the plaintiff for a trespass after warning, your verdict should be for the defendant.

(6) The court charges the jury that, if by reason of the mortgage and deed and the conduct, of Frank, Joe, and Becky Pearce, and what they said to him, and all the other facts and circumstances in the case, up to the time of the swearing out the warrant against Sampson, the defendant had probable cause to believe that a prosecution against Sampson for trespass after warning would lie or could be maintained, then your verdict should be for the defendant.

J. A. Lusk, of Guntersville, for appellant.

When part of a conversation is offered by one party, on cross-examination, the other party may call for the whole of the conversation. Frank v. State, 27 Ala. 37; Chambers v. State, 26 Ala. 59; McLean v. State, 16 Ala. 672; Williams v. State, 103 Ala. 33, 15 So. 662; Davis v. State, 92 Ala. 20, 9 So. 616; 2 Mayfield's Dig. 328, 329; Hudson v. State, 137 Ala. 60, 34 So. 854; Matthews v. State, 16 Ala. App. 647, 81 So. 139; Folkes v. State, 17 Ala. App. 119, 82 So. 567. Defendant had the right to have consideration by the jury of all that occurred at the time of procurement of the warrant. Parisian Co. v. Williams, 203 Ala. 378, 83 So. 122. Where one makes a statement to a justice of the peace of a wrong done him, if the justice is mistaken and issues warrant improperly, such party is not liable to suit for malicious prosecution. Chambliss v. Blau, 127 Ala. 86, 28 So. 602,

---

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Ann. Cas. 1918A, 492; Oates v. Bullock, 136 Ala. 537, 33 So. 835, 96 Am. St. Rep. 38. Advice of a justice of the peace may be considered as tending to show absence of malice. Kable v. Carey, 135 Ark. 137, 204 S. W. 748, 12 A. L. R. 1227, 1236; Dent v. De Arman, 211 189, 100 So. 122. Evidence of warning to plaintiff was admissible. Parisian Co. v. Williams, 203 Ala. 378, 83 So. 122. It was permissible for defendant to show the criminal prosecution was dismissed by the solicitor over defendant's objection. Parisian Co. v. Williams, supra; McLeod v. McLeod, 75 Ala. 483. Charges 5 and 6 should have been given. Profatt on Jury, § 271; 39 A. L. R. 839; L. R. A. 1916F, 196; Parisian Co. v. Williams, supra.

Rayburn, Wright & Rayburn, of Guntersville, for appellee.

Brief of counsel did not reach the Reporter.

THOMAS, J. The appeal is from a judgment in action for malicious prosecution.

The plaintiff's evidence, through the witness Bradley, the justice of the peace, showed that the warrant was prepared by the justice of the peace and issued upon facts given that official by the defendant. That witness testified that defendant "stated to him the facts upon which the complaint was drawn"; that he, witness, thereupon issued the warrant and delivered it to the defendant to be transmitted to the deputy sheriff, who made the arrest thereunder. On cross-examination, the witness having testified "that Mr. Nixon at the time told him that Mr. Sampson had been trespassing on his land, that he did not tell him that it was his land that he had bought at a foreclosure sale of a mortgage," was asked by defendant:

"He told you that he had closed out the mortgage, didn't he?"

The bill of exceptions then recites:

"To this question the plaintiff objected. The court sustained this objection. To this ruling of the court, defendant then and there duly excepted."

Assignment of error is further predicated upon the refusal of the trial court to permit defendant to ask the witness the following questions:

"And he had some deeds with him, didn't he? He had some papers with him that looked like deeds, didn't he? He showed you some deeds, didn't he?"

The witness then testified that after defendant had told him the facts that he "told Nixon of the sort of a warrant that should be sworn out; that he got the Code and read about trespass after warning"—got the form therefrom, issued the warrant, and transmitted it to the deputy sheriff, as we have indicated. The witness was then asked:

"You told him you thought what sort of warrant would lie in the case, didn't you, after he told you what the facts were?"

The bill of exceptions then recites:

"This question was objected to by the plaintiff. The court sustained the objection and stated 'that the advice of a justice of the peace is not sufficient.'"

To this action of the court, exception was reserved.

Thereafter the court modified its ruling and stated that "it might be in mitigation" of damages, and "would not be a defense in this case," to which instruction by the court due exception was reserved.

[1, 2] In actions for malicious prosecution, the burden rests upon the plaintiff to prove that the prosecution was instituted without probable cause, that it was malicious, and had been determined in plaintiff's favor, and authorities there collected. The plaintiff having shown that the defendant procured the issue of the warrant, defendant should have been permitted to show by cross-examination and otherwise that he was acting as owner of the land trespassed upon without malice, in procuring the issue of the warrant. There was error in declining the cross-examination of Bradley indicated, which shed light upon these issues and was a part of a conversation brought out by plaintiff. Williams v. State, 103 Ala. 33, 15 So. 662; Hudson v. State, 137 Ala. 60, 134 So. 854; Davis v. State, 92 Ala. 20, 9 So. 616.

[3] There was no error in ruling limiting the purpose of the evidence given as to the advice of the justice of the peace issuing the warrant. It was not shown that he was a practicing attorney and learned in the law, as that expression is understood in such a case, and that the advice was acted upon under the circumstances stated in the rule. Dent v. De Arman, 211 Ala. 189, 100 So. 122.

[4] The defendant asked plaintiff's witness Teal:

"Did you hear Pearce tell him he must stay off there, or that there were notices up already?"

The bill of exceptions then recites:

"To this the plaintiff objected. The defendant stated to the court that he expected to show the court that Joe Pearce was the agent of the defendant, and that the notices were in writing and were up on the place. The court sustained the objection. To this ruling of the court defendant then and there duly excepted."

In this ruling there was error, since the testimony was pertinent and competent as to the questions of facts of probable cause and malice. Parisian Co. v. Williams, 203 Ala. 378, 83 So. 122.

[5-9] It was permissible for the plaintiff to show that the criminal prosecution had been dismissed as shedding light upon the question of probable cause and malice and the

damnifying result to plaintiff. McLeod v. McLeod, 75 Ala. 483; Parisian Co. v. Williams, 203 Ala. 378, 83 So. 122; Piggly-Wiggly Co. v. Rickles, 212 Ala. 585, 103 So. 860; Hanchey v. Brunson, 175 Ala. 236, 56 So. 971, Ann. Cas. 1914C, 804; Veid v. Roberts, 200 Ala. 576, 76 So. 934; Ewing v. Sanford, 19 Ala. 605. In this connection it should have been allowed to be shown defendant's connection with or participation in the prosecution or its abandonment, or that the case was dismissed by the state's solicitor over the objection of the defendant causing process to issue. Given charge 5 correctly stated the law of the case as to that phase sought to be covered. therein. Refused charge 5 was covered by the given charges. However, it was properly refused as confusing, if not palpably erroneous. Charge 6 emphasized parts of the evidence. Miller v. Whittington, 202 Ala. 406, 80 So. 499.

The judgment of the circuit court is reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.