RICHARDSON *et al. v.* FLOWERS.

(Division B.   Feb. 1, 1943.)

[11 So. (2d) 808.   No. 35206.]

**Caldwell & Caldwell**, of Charleston, and **T. N. Gore**, of Marks, for appellants.

Roberson & Luckett, of Clarksdale, for appellee.

**Anderson, P. J.**, delivered the opinion of the court.

Appellants Richardson and Dreaden brought this action against appellee Flowers in the county court of Coahoma County to recover the statutory penalty of $15 a tree for thirty-six trees and also the actual value thereof set at $180, which they charge were knowingly and wilfully cut and removed from their land by Flowers and his employees. Flowers plead the general issue and tendered with his plea the sum of $96.67 as constituting the value of the trees and $4.55 accrued costs up to that time. By agreement the county judge tried the case sitting as judge and jury and rendered a judgment in favor of Richardson and Dreaden for the statutory penalty amounting to $540, and in addition the actual value of the trees found by the judge to be $47.07. From that judgment Flowers appealed to the circuit court. There was no cross-appeal by Richardson and Dreaden.

The evidence showed without conflict that the trees were cut and removed from Richardson and Dreaden's

land; that Flowers employed McVey, a sawmill man, to cut and remove and saw into lumber the trees on his land, agreeing to furnish part of the means of transportation, for which he was to pay him $7 per thousand feet. McVey employed others to do the actual cutting and removing of the trees. The evidence showed that he knew where the line was between the lands and so did his employees, and that without the consent or knowledge of Flowers got on Richardson and Dreaden's land and cut and removed thirty-six trees therefrom. There was no substantial conflict in the evidence. The land of Flowers and that of Richardson and Dreaden adjoin. The dividing line was plainly marked by monuments and in addition by tree blazes.

The circuit court rendered a judgment reversing the judgment of the county court as to the statutory penalty alone, leaving the judgment of the county court as to the actual value of the trees standing. From that judgment Richardson and Dreaden prosecute this appeal.

They assign as error the action of the circuit court in denying them the statutory penalty and also in failing to render judgment for the amount tendered in the county court by Flowers instead of $47.07. For the first time Richardson and Dreaden on this appeal assign as error the action of the county and circuit courts in allowing as the actual value of the trees $47.07 instead of the amount tendered by Flowers in the county court. The statutory penalty is not allowable except in cases of wilful trespass or its equivalent gross negligence to take proper care and caution to avoid such trespass. Therrell v. Ellis, 83 Miss. 494, 35 So. 826; Murphy v. Seward, 145 Miss. 713, 110 So. 700. Flowers defended on the ground that the trees were cut without his consent, express or implied, and the evidence so showed. Richardson and Dreaden contend that even though that be true Flowers is liable for both the actual value and the statutory penalty because the trees were cut by McVey and his em-

ployees as the servants of Flowers. On the other hand, Flowers answers that position with the contention that McVey was an independent contractor and furthermore if the servant of Flowers the latter had no part in the trespass and therefore he was not chargeable with it. We do not pass on the independent contractor contention. We hold under the authority of Planters' Package Co. v. Parsons, 153 Miss. 9, 120 So. 200, that Flowers is not liable for the statutory penalty for the trespass of his servants committed without his knowledge or consent. In other words, their trespass was not his trespass, unless it was either expressly authorized or was caused by his negligence.

Richardson and Dreaden are barred from raising the question as to the tender made in the county court because it is raised here in this court for the first time. A question not raised by an assignment of error in the circuit court on appeal from the county court cannot be raised for the first time on appeal to the Supreme Court. State v. Carraway, 160 Miss. 263, 134 So. 846.

Affirmed.