## Homer R. Josselyn v. George L. McAllister.

*Malicious arrest: False imprisonment: Admissions: Threats: Malice.* Where a person is sued for a malicious arrest and false imprisonment, his statements, made after the arrest, concerning his motives and doings in regard to the proceedings, are receivable as admissions against him to show the malice. And all of his conversation with, and threats made to, the party arrested, in advance of the arrest, should also be received against him for the same purpose. ·

*Malice: Affidavit for arrest: Evidence.* Malice in making an affidavit for an arrest cannot be disproved by transactions of the party arrested, of which the person making the affidavit had no knowledge or information when he made it. Neither can it be disproved by showing additional facts having no bearing on the facts set forth in the affidavit as grounds of arrest, nor by matters *ex post facto.*

*Arrest: Imprisonment: Violence: Damages.* An arrest and imprisonment exist where a party submits to an arrest without requiring the officer to resort to actual violence. The mildness of imprisonment only bears on the amount of damages. *Page v. Mitchell, 13 Mich., 68,* referred to and followed.

*Submitted on briefs April 20. Decided April 23.*

Error to Hillsdale Circuit.

*H. M. & W. E. Cheever,* for plaintiff in error.

*George A. Knickerbocker, L. N. Keating,* and *E. L. Koon,* for defendant in error.

CAMPBELL, J.

The proceedings before us, growing out of a malicious arrest and false imprisonment, were passed upon under a former writ of error in April term, 1871, and the errors now assigned on a further trial are in some respects very like those assigned then. We shall, therefore, dispose of the case upon such new points as are supposed to arise.

Evidence was allowed to show that Josselyn (who made both the affidavits under which McAllister was arrested) said, in September, 1869, which was some time after the arrests, that he made the affidavits in the interest of the Singer Manufacturing Company, and they allowed him to spend what little money he wanted to carry them on. As these statements referred directly to his conduct in making the affidavits which caused the arrests, it is not very easy to see why they were not admissible. They bore directly on his course in taking the action complained of.

The same remarks will apply to the evidence of his conversation with, and threats made to, McAllister in April, 1869, in regard to a proposed settlement. It appears that McAllister's refusal to comply with Josselyn's wishes at this time was one of the apparent reasons for the subsequent arrest. The whole course of dealing and negotiation between these two parties in person was very material in explaining the subsequent occurrences, and no testimony have been more pertinent.

Evidence was rejected of conversations between McAllister and one Gale, concerning the receipt by McAllister of a sum of ten dollars, which it was claimed had not been accounted for. The court ruled that it could not be admitted unless it should also be shown that the fact had been brought in some way to Josselyn's knowledge, and in

the absence of any such showing it should be rejected. This is directly within the rulings on the former hearing. If Josselyn acted without any knowledge or suspicion of the supposed fact, it could in no way affect his motives.

Several assignments of error rest upon the alleged refusal of the court to allow the failure to account for machines, as well as for money, to be taken into consideration in judging of Josselyn's belief of his right to sue out the writs of *capias* on which McAllister was arrested.

The affidavits for *capias* made no charge of any failure except in accounting for moneys actually received and not accounted for. Any further inquiry would have been foreign to the suit, and could in no way have justified allegations concerning money deficits. These same assignments of error, on precisely the same requests, were in the former record. We think the rulings correct.

The charge asked, that defendant would not be liable, if without malice he merely put the machinery of the law in motion, by swearing to the affidavits, and doing nothing further, was, whether correct or not, more than covered by the charge given, that there could be no recovery without proof of actual malice and want of probable cause.

We think the court was also right in regarding as immaterial the receipt of money by McAllister after the arrests, on the notes which Josselyn had returned to him. These notes had been left by Josselyn, or his attorney, at McAllister's house, after the first arrest, the Singer Company and Josselyn refusing to accept them on the account and repudiating any claim to retain them; and Josselyn himself testified that the facts on which he acted in making the second arrest were the same as on the first, except that certain machines had been received and credited. There is no way in which these receipts *ex post facto* could become material, and they were not unauthorized.

There is no ground for claiming that McAllister was not under arrest. The sheriff had a right, and asserted a claim, to arrest him, and he submitted to it without absolute coercion, and was in the power of the officer, who was not obliged to use violence or menace, but had a right to abstain from any unnecessary force. There is no evidence in the case which would show any understanding that McAllister was not to surrender himself into custody. The character of the arrest and imprisonment in the jail might and should be considered in estimating damages, but no further.—*Page v. Mitchell, 13 Mich. R., 68.*

These are all the questions argued, and we find no error in the record. The judgment must be affirmed, with costs.

CHRISTIANCY, CH. J., and COOLEY, J., concurred.

GRAVES, J., did not sit in this case.