# Hanchey *v.* Brunson.

### *Malicious Prosecution.*

(Decided November 28, 1911. 56 South. 971.)

1. *Pleading; Amendment; New Cause of Action.*—Where the complaint set out that an alleged prosecution was commenced before K., clerk of the county court, and there was no showing made that the causes of action were the same, it was proper to disallow a proposed amendment setting up a prosecution for a similar crime instituted before O., a justice of the peace.

2. *Malicious Prosecution; Burden of Proof.*—Where the action is for malicious prosecution, the burden is upon plaintiff to establish that the defendant maliciously prosecuted him, or caused him to be prosecuted, without probable cause, that the prosecution was ended and that plaintiff was damaged in consequence of the prosecution.

3. *Same; Malice; Want of Probable Cause.*—If there are no circumstances to rebut the inference, malice may be inferred from want of probable cause for instituting the prosecution.

4. *Same; Acts and Conduct.*—Where such conduct will admit of no other reasonable construction, malice in instituting the prosecution may be inferred from defendant's acts and conduct.

5. *Same; Acts of Plaintiff.*—Acts of plaintiff occurring after the commencement of a malicious prosecution are not admissible for the purpose of rebutting malice or showing probable cause, since defendant could have had no knowledge or notice of them when the prosecution was begun; hence, evidence that plaintiff broke jail and escaped after his arrest, and was thereafter re-arrested was not admissible.

6. *Same; Probable Cause.*—As employed in actions for malicious prosecution, the term probable cause means such a state of facts in the mind of the prosecutor as would lead a man of ordinary caution or prudence to believe or entertain an honest and strong suspicion that the person is guilty of the crime alleged.

7. *Same; Want of Probable Cause; Innocence of Accused.*—As a prosecution will not become malicious by reason of the innocence of

[Hanchey v. Brunson.]

the plaintiff, unless the prosecutor had knowledge thereof, evidence of innocence does not become admissible where the prosecutor is not chargeable with notice of the facts sought to be introduced; hence, evidence of the facts occurring after the commencement of the prosecution was not admissible to show malice or want of probable cause, though possibly admissible to show the termination of the prosecution.

8. *Same; Burden of Proof.*—A showing of the acquittal of the plaintiff of the charge alleged to have been maliciously instituted lifts from plaintiff the burden of showing want of probable cause.

9. *Same; Damages; Necessity to Allege.*—Where no specific claim was made therefor in the complaint in an action for malicious prosecution, evidence as to the condition of the plaintiff's wife while he was in prison being a matter of special damages, was properly refused.

10. *Same; Instructions.*—Where charges embrace items of special damages not claimed in the complaint, they are properly refused.

11. *Charge of Court; Undue Prominence.*—Although a charge asserts a correct principle of law it may be refused if it gives undue prominence to a certain portion of the evidence.

(Somerville, J., dissents in part.)

APPEAL from Coffee Circuit Court.

Heard before Hon. H. A. PEARCE.

Action by William J. Hanchey against John F. Brunson. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

The third count was for false imprisonment, declaring on a warrant issued by R. A. King, clerk of the county court of Coffee county, on December 3, 1908, on a charge of embezzlement. The amendment proposed set up that the warrant was issued by Gus Owens, a justice of the peace of Coffee county, on December 3, 1908, on a charge of embezzlement. The facts sufficiently appear in the opinion of the court.

The following charges were refused to the plaintiff. (1) "The court charges the jury that the fact, if it be a fact, that the defendant instituted against the plaintiff prosecutions for two separate offenses on the same day, is a circumstance to which the jury may look in determining whether or not either or both of such pros-

ecutions was begun with a malicious motive." (3) "The court charges the jury that, if they believe from the evidence in this case that the plaintiff was tried and acquitted of the charge of violating a rental contract as claimed in count 1 of the complaint, then this lifts from him the burden of showing want of probable cause as to said count." (4) "The court charges the jury that, if they find for the plaintiff as to count 1 of the complaint, they should assess the damages at such an amount as the plaintiff may have suffered as the direct, natural and proximate result of such prosecution, by reason of the loss of time required in defending himself, loss of time spent in prison, injury to same, reputation, character and health, mental suffering, general impairment of social and commercial standing, and decrease in earning capacity, the same being limited to the amount claimed in the respective count." (5) "The court charges the jury that, if they find for the plaintiff as to the first count of the complaint, they should assess the damages at such an amount as the plaintiff suffered as the direct, natural, and proximate result of such prosecution, by reason of the loss of time required," and continuing same as charge 4.

A. G. SEAY, for appellant. The amendment should have been allowed.—Sec. 5367, Code 1907; *Crim v. Crawford,* 29 Ala. 623; *C. of Ga. v. Foshee,* 125 Ala. 221; *Mohr v. Lemle,* 69 Ala. 180; *Buchanan v. Larkin,* 116 Ala. 431; *L. & N. v. Woods,* 17 South. 41; *Rickets v. Weedcn,* 64 Ala. 548; *Karter v. Fields,* 140 Ala. 363. The court erred in permitting it to be shown that Hanchey got out of jail and staid out awhile.—26 Cyc. 87. The court erred in not permitting evidence as to the condition of plaintiff's wife while he was in prison.—*Killebrew v. Carlisle,* 97 Ala. 535. The court erred in refusing the charges.—

61 Ill. App. 428; *Lunsford v. Dietrich,* 9 South. 308; *Marks v. Hastings,* 13 South. 297; *Killebrew v. Carlisle, supra.*

J. A. CARNLEY, for appellee. The amendment sought to introduce a new cause of action, and hence, was properly refused.—*Johnson v. Martin,* 54 Ala. 271; *Springfield F. & M. I. Co. v. DeJarnette,* 111 Ala. 257; *Babcock v. Carter,* 117 Ala. 579; *Mont. T. Co. v. Fitzpatrick,* 149 Ala. 511; Sec. 5367, Code 1907; 31 Cyc. 406; *C. of Ga. v. Foshee,* 125 Ala. 199. The conduct of plaintiff in breaking jail was competent evidence.—26 Cyc. 23, 36 and 37; 8 Enc. of Evi. 395. The condition of plaintiff's wife was not relevant. The charges were properly refused.—*Lunsford v. Dietrich,* 86 Ala. 250; S. C. 93 Ala. 565.

MAYFIELD, J.—It is not made to appear from this record whether the proposed amendment to count 3 made an entirely new cause of action, or merely described differently the same cause of action.

A prosecution instituted by affidavit before "K,." clerk of the county court, is prima facie a different prosecution from one instituted by an affidavit made before "O.," a justice of the peace, though the affiant and the crime be the same in both cases. This being true, we cannot say that the court erred in refusing to allow the proposed amendment to count 3. If it has been shown that the original and amended counts related to the same transaction and prosecution, it should have been allowed, under our liberal system; and under the statute, as last amended, the question of the identity of the causes of action relied on in the original and amended counts may be submitted to the jury. But, so far as this record shows, the prosecutions were differ-

ent; and the amendment, therefore, was not allowable.

In trials for malicious prosecution, under the general issue, the burden of proof is upon the plaintiff to establish, by a preponderance of the evidence, three propositions: First, that the defendant has prosecuted complainant, or caused him to be prosecuted, as alleged in his complaint, and that the prosecution is ended; second, that the prosecution on the part of the defendant was both malicious and without probable cause; third, that in consequence of the prosecution complainant was damaged.—2 Greenl. Ev. 449, 450. In this case it was not disputed that the prosecution was instituted by the defendant, and that it was ended by the verdict of a jury, acquitting plaintiff, on a trial in a court of competent jurisdiction. So the questions in dispute were malice, probable cause on the part of the defendant in instituting the prosecution, and the damages, if any were sustained.

Malice may be inferred from the want of probable cause, if there are no circumstances to rebut the inference. It may also be inferred from acts and conduct of defendant if the defendant's conduct will admit of no other reasonable construction. Mr. Greenleaf said: "The want of probable cause is a material averment; and, although negative in its form and character, it must be proven by the plaintiff by some affirmative evidence." There are some exceptions to the rule, not necessary here to be mentioned.

Shaw, C. J., has said that "probable cause," as the term is employed in actions for malicious prosecution, is such a state of facts in the mind of the prosecutor as would lead a man of ordinary caution and prudence to believe or entertain an honest and strong suspicion that the person arrested is guilty.—*Bacon v. Towne,* 4 Bush. (Mass.) 238.

[Hanchey v. Brunson.]

It has been uniformly held that the plaintiff's innocence of the charge on which the prosecution was brought, and any facts which tend to show such innocence, are admissible only as tending to prove the defendant's lack of probable cause in instituting the prosecution; and therefore it must be shown that the defendant knew of such innocence, or of such facts, when he brought the prosecution. The plaintiff's innocence does not make the prosecution malicious, nor prevent the defendant from having probable cause to believe him guilty. Therefore, evidence of innocence, of which the defendant had no knowledge, and of which he was not chargeable with notice, such as facts occurring after the prosecution is begun, are not admissible for the purpose of showing malice or want of probable cause, though it may be to show that the prosecution was terminated, such as the trial and its result.

For the same reason, acts of the plaintiff occurring after the prosecution is begun, of which the defendant could have had no knowledge or notice, are not admissible to rebut malice or show probable cause at or before the prosecution was begun.

These two rules are well illustrated in the case of *Killebrew v. Carlisle*, 97 Ala. 535, 12 South. 167; and *Josselyn v. McAllister*, 25 Mich. 45. In the first case it is said: "The defendants had instituted a prosecution against plaintiff for the purpose of having him bound over to keep the peace. A part of the evidence relied on as going to show that he was about to commit breaches of the peace upon the persons of the defendants were to the effect that while defendants were in possession of the land, and engaged in gathering the crop therefrom, plaintiff went on the land, where the crop was growing, with his gun, and said that if the defendant, who had harvested a part of the crop, at-

tempted to gather what remained of it he (the plaintiff) would shoot him. The fact of plaintiff's being there with his gun, taken in connection with the information received by defendant of the alleged threat to use it, tended to show, of course, that defendants had probable cause for believing that plaintiff intended to commit a breach of the peace. If it was plaintiff's habit 'to carry his gun with him to the field and going to his plantation to work,' and this habit *was known to the defendants*, evidence of it was admissible as tending to show that the presence of the weapon on the particular occasion was due to this custom of plaintiff, and not to any purpose on his part to use it in the commission of a breach of the peace; but there is no evidence that defendants had any knowledge of this habit, and we are unable to see that the fact of its existence, if wholly unknown to them, could have exerted any influence in determining the question of defendants' malice, or whether they had probable cause for believing plaintiff intended to commit violence upon their persons. Yet it is very probable that it was accorded an influence by the jury. The testimony of this habit, without any evidence that defendants knew of it, was therefore improperly admitted, and must operate a reversal of the judgment."

In the latter case, the rule is well stated in the head-note, which the opinion supports, as follows: "Malice in making an affidavit for an arrest cannot be disproved by transactions of the party arrested, of which the person making the affidavit had no knowledge or information when he made it. Neither can it be disproved by showing additional facts having no bearing on the facts set forth in the affidavit as grounds of arrest, nor by matters ex post facto."

For this reason, we think the trial court erred in allowing the defendant to prove, over the objections of

the plaintiff, that the latter broke jail, escaped, and was thereafter re-arrested. This, of course, was all ex post facto, as to the institution of the prosecution, and could not have influenced the defendant in instituing the prosecution. It neither showed nor tended to show malice, or probable cause, or lack of either. It was wholly inadmissible on this trial, and its only effect could be to prejudice the jury against the case of the plaintiff. Such evidence would have been admissible, of course, on a criminal trial, but not in this action, which was to determine whether the prosecution was instituted with malice, and without probable cause.—*Gulsby v. L. & N. R. Co.,* 167 Ala. 131, 52 South. 392.

As to the court's declining to admit evidence touching the condition of plaintiff's wife at the time he was in jail, as an element of damages, it is sufficient to say that such damages, if recoverable, are special, and must therefore be specifically claimed to warrant recovery; and there was in the complaint in this case no claim as to such damages.

The fourth and fifth charges requested were properly refused for the same reason; each embraced items of special damages, not specifically claimed in the complaint.

"The rule of law is that special damages must be particularly specified in the statement of the claim, declaration, or complaint, or the plaintiff will not be permitted to give evidence of such damages at the trial.

"The law stated by Greenleaf: Where the damages, though the natural consequences of the act complained of, are not the necessary result of it, they are termed special damages, which the law does not imply, and therefore, in order to prevent a surprise upon the defendant, they must be particularly specified in the declaration.

"The law stated by Chitty:   Whenever the damages sustained have not necessarily accrued from the act complained of, and consequently are not implied by law, then, in order to prevent the surprise of the defendant which might otherwise ensue on the trial, the plaintiff must, in general, state the particular damage which he has sustained, or he will not be permitted to give evidence of it.   Thus, in an action of trespass and false imprisonment, when the plaintiff offered to give in evidence that during his imprisonment he was stinted in his allowance of food, he was not permitted to do so, because the fact was not, as it should have been, stated in his declarations."—Newell, Mal. Pros. §§ 11, 12, pp. 410, 411.

The seventh assignment of error is not good.   The requested charge, though asserting a correct principle of law, in effect gave undue prominence to a certain part of the evidence.

Charge 3 asserted a correct proposition of law as to shifting the burden of proof from plaintiff, and, there being evidence to support it, its refusal was error.

While there is some conflict in the decisions as to the correctness of the proposition asserted in this charge, our court has adopted the line which supports its correctness.   In the cause of *Lunsford v. Dietrich,* 93 Ala. 565-570, 9 South. 308, 310 (30 Am. St. Rep. 79), it was said:   "We have seen that the inference of malice may be drawn from a want of probable cause; and the fact that Dietrich had been tried and acquitted of the offence charged was itself some evidence—sufficient, it seems, to lift the burden of proof in that regard off the plaintiff—of a want of probable cause.—*Josselyn v. McAllister,* 25 Mich. 45; *Vinal v. Core,* 18 W. Va. 1."

The authorities are reviewed in Newell on Malicious Prosecution, pp. 282, 283.

The Supreme Court of Missouri has drawn a distinction, which seems to have in it much of reason, between acquittals on final trial and discharges on preliminary hearings, or refusals or failures to indict. The distinction is thus outlined by Mr. Newell, in a note to his work on Malicious Prosecution (page 283) : "The verdict of a jury upon the trial of a civil action is essentially different from the discharge of a supposed criminal by the examining magistrate, or upon a bill of indictment ignored by a grand jury. Even in the criminal proceeding, the final acquittal of the accused can have but little weight, as evidence of probable cause, compared with an acquittal or discharge before the magistrate or grand jury. The magistrate and grand jury have the very question of probable cause to try; and the evidence on the side of the prosecution is alone examined, and proceeding is entirely ex parte. Under such circumstances, the refusal of the examining tribunal to hold the accused over till tried must necessarily be very persuasive evidence that the prosecution is groundless. —*Brant v. Higgins,* 10 Mo. 728."

Mr. Greenleaf (Ev. vol. 2, § 435, pp. 435, 436) says: "The discharge of the plaintiff by the examining magistrate is prima facie evidence of the want of probable cause, sufficient to throw upon the defendant the burden of proving the contrary. But in ordinary cases it will not be sufficient to show that the plaintiff was acquitted of an indictment by reason of the non-appearance of the defendant, who was the prosecutor; nor that the defendant, after instituting a prosecution, did not proceed with it; nor that the grand jury returned the bill, 'Not found.' "

Mr. Newell, after reviewing the authorities (Mal. Pros. p. 290), says: "Our courts, however, seem to be settling down to the rule that the discharge of a person

accused of crime by a committing magistrate, or the ignoring of like charges by a grand jury, and similar adjudications, are prima facie evidence of the want of probable cause, sufficient to cast upon the opposite party the burden of proving the contrary. On the other hand, the waiving of a preliminary examination, the disagreement of a jury, their hesitation in finding a verdict of acquittal, requiring the accused to enter into a recognizance by an examining magistrate, the finding of an indictment by a grand jury, have been held to be prima facie evidence of the existence of probable cause." But he adds that the want of probable cause is not shown by the acquittal of the accused, meaning evidently *not conclusively shown*, though he does not say so.

The Supreme Court of Appeals of West Virginia, in the case of *Vinal v. Core*, 18 W. Va., 1, made an extended review of the authorities on the question, and concluded as follows, as to the shifting of the burden of proof: "There is some difference of opinion whether an acquittal of the plaintiff on the trial by a jury is prima facie evidence of a want of probable cause; many cases holding that it is not. But it is obvious that there is a great difference between the acquittal of the plaintiff by a jury and his discharge by an examining magistrate, or the refusal of a grand jury to indict. It would be the duty of the jury to acquit the defendant, if on all the evidence there was a reasonable doubt of his guilt, even though they might believe he was probably guilty of the crime. But the magistrate or grand jury would violate his or their duty, if he or they discharged the accused when the evidence produced the belief that he was probably guilty of the crime. He or they act directly on the question whether there is probable cause for the prosecution; and if he or they discharge him it must be because in his or their judgment there is no probable

[Abingdon Mills v. Grogan.]

cause for the prosecution; and accordingly the weight of authority and of reason is that such discharge by a justice or by a grand jury is prima facie evidence that there is a want of probable cause for the prosecution.— See *Nicholson v. Coghill,* 6 Dow. & Ry. 13, 14, and 4 Barn. & Cress. 21-24; *Johnson v. Martin,* 7 N. C. 248; *Plummer v. Gheen,* 10 N. C. 66-68 [14 Am. Dec. 572]; *Johnson v. Chambers,* 32 N. C. 287-292; *Bostick v. Rutherford,* 11 N. C. 83-87; *Williams v. Norwood,* 2 Yerg. [Tenn.] 329-336. There are, it is true, some authorities to the contrary.—See *McRae v. Oneal,* 13 N. C. 166-169, and especially *Israel v. Brooks,* 23 Ill. 578. But, of course, such a discharge is but prima facie evidence, and it may be rebutted, as the above authorities show."

Our court having adopted one of these lines, and having cited the West Virginia case, we are not now willing to depart therefrom, whatever might be our opinion, if it were a new question.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON, ANDERSON, MCCLELLAN, and SAYRE, JJ., concur. SOMERVILLE, J., concurs in reversal, but dissents from last proposition of the opinion.