(76 South. 934)

VEID v. ROBERTS. (8 Div. 54.)

(Supreme Court of Alabama. Nov. 15, 1917.)

1. MALICIOUS PROSECUTION ⊝➔71(1) — EVIDENCE—QUESTIONS FOR JURY.

In an action for malicious prosecution, however great the preponderance of probability may seem to be on the side of defendant, the question where the evidence is conflicting is one of fact for the jury.

2. MALICIOUS PROSECUTION ⊝➔56—MALICE—PROBABLE CAUSE—BURDEN OF PROOF.

In an action for malicious prosecution, the burden is on the plaintiff to prove both malice and lack of probable cause.

3. APPEAL AND ERROR ⊝➔1015(3)—WEIGHT OF EVIDENCE—STATUTES—PRESUMPTIONS.

Regardless of Acts 1915, p. 722, providing that on appeal there is no presumption as to the correctness of the judgment of the trial court on motion for new trial, a judgment will not be reversed on the ground of the insufficiency of the evidence although the judgment seems against the preponderance of the evidence.

4. NEW TRIAL ⊝➔103—EVIDENCE—MALICE—PROBABLE CAUSE—NEWLY DISCOVERED EVIDENCE.

Newly discovered evidence unknown to defendant when he caused prosecution of plaintiff could shed no light on the issues of probable cause or malice in an action for malicious prosecution.

Appeal from Circuit Court, Lauderdale County; C. P. Almon, Judge.

Action on the case for malicious prosecution by Carl Roberts against J. H. Veid. Judgment for plaintiff, and defendant appealed. Transferred from Court of Appeals under Acts 1911, p. 450, § 6. Affirmed.

R. T. Simpson and Ashcraft & Bradshaw, all of Florence, for appellant. A. A. Williams, of Florence, for appellee.

SAYRE, J. Appellee sued appellant in an action on the case for malicious prosecution and recovered judgment. Appellant now insists that he should have had the general affirmative charge, or, failing that, his motion for a new trial should have been granted on one or both of two grounds, viz., the verdict was contrary to the great weight of the evidence, and newly discovered evidence.

[1] We need not discuss the subject of the general charge further than to say that under the evidence, which was in conflict, the issues as to probable cause and malice, however great the preponderance of probability may have seemed to be on the side of defendant, were issues of fact, not law, and under our theory and system of trials their submission to the jury was necessary.

[2] Upon the plaintiff rested the burden of proving both malice and the lack of probable cause. Hanchey v. Brunson, 175 Ala. 236, 56 South. 971, Ann. Cas. 1914C, 804; O'Neal v. McKenna, 116 Ala. 606, 22 South. 905. And the judgment of the justice of the peace ordering the commitment of the plaintiff was prima facie evidence of the existence of probable cause. Ewing v. Sanford, 19 Ala. 605.

[3] Still this court, while feeling some misgivings as to the justice of the finding for plaintiff, has been unable, after mature deliberation, to reach the conclusion that the trial judge was, on the evidence before him, clearly wrong in overruling the motion for a new trial. This court has decided, the act of 1915 (page 722) to the contrary notwithstanding, that the rule of Cobb v. Malone, 92 Ala.

---

630, 9 South. 738, is still the rule of review in such cases. Hatfield v. Riley, 74 South. 380;[1] Hackett v. Cash, 196 Ala. 403, 72 South. 52; Finney v. Studebaker, 196 Ala. 422, 72 South. 54. Under that rule the court is unable to see its way to a reversal in this case.

[4] Nor was there reversible error in overruling that ground of the motion which set up newly discovered evidence. It may be that defendant did not show the requisite degree of diligence in the preparation of his case for trial; but, apart from that, it appeared, and otherwise defendant would have had no excuse for failing to produce the testimony at the trial, that the alleged newly discovered evidence was unknown to defendant when he put the prosecution on foot, and hence that it could have shed no light upon the issues of probable cause or malice. This ruling is sustained by the reasoning of the court in Hanchey v. Brunson, supra.

Affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.