(103 So. 860)

### PIGGLY–WIGGLY ALABAMA CO. v. RICKLES. (6 Div. 261.)

(Supreme Court of Alabama. April 9, 1925.)

**1. .Assault and battery ⊚⟹7—Alleged larceny of plaintiff did not justify defendant in doing more than detain plaintiff until officer could be called.**

Alleged larceny of plaintiff from defendant's stock of goods did not justify defendant in doing more than detain plaintiff until officer could be called, using for such purpose only such force as may have been necessary to detain plaintiff.

**2. Assault and battery ⊚⟹2—Act of defendant's agent in attempting to search one detained for arrest held an assault.**

Act of defendant's agent, who preferred charges of larceny against plaintiff, in attempting to put his hand in plaintiff's pocket, and at the same time charging her with lying and stealing, *held* an assault and battery.

**3. Malicious prosecution ⊚⟹71(2)—Probable cause held for jury.**

Conflicting evidence as to what in fact occurred as basis for preferment of charge of larceny *held* to necessitate submission of issue of probable cause to jury.

**4. Malicious prosecution ⊚⟹24(2)—"Acquittal" does not show want of "probable· cause."**

Plaintiff's acquittal did not tend to show want of probable cause, because an acquittal is based on a reasonable doubt of defendant's guilt, whereas probable cause for preferring a charge is based upon a reasonable belief growing out of such information as may be available to the accuser at that time;· that is, whether the accuser has a reasonable ground of suspicion supported by circumstances sufficiently strong to warrant cautious man in the belief that the person charged is guilty.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Acquit—Acquittal; Probable Cause (in Malicious Prosecution).]

**5. Trial ⊚⟹244(6)—Requested charge as to plaintiff's ,conviction before her subsequent acquittal held properly refused as singling out such conviction.**

Requested charge as to plaintiff's conviction before her subsequent acquittal *held* prop-

erly refused as singling out such conviction without advising the jury of the difference between the effect of an acquittal and the grounds constituting probable cause.

**6. Trial** &#10132;260(1)—**Refusal to give requested charge as to matter correctly covered in given oral charge held not reversible error.**

Refusal to give requested charge as to matter correctly covered in given oral charge *held* not reversible error.

**7. Trial** &#10132;253(4)—**Requested charge held properly refused as predicating verdict for defense upon consideration of issues made under one count, without regard to findings in another count.**

In action for assault and battery, as declared in count 1, and for malicious prosecution as declared in count 3, requested charge *held* properly refused as predicating verdict for defense upon consideration of the issues made under count 3, without regard to what the jury may have believed in respect of the case stated in count 1.

**8. Malicious prosecution** &#10132;18(3)—**That plaintiff lied in accounting for possession of goods held not conclusive evidence of larceny.**

While the fact that plaintiff lied in accounting for the possession of goods which defendant contended she had stolen was a very potent fact tending to induce the conclusion she did steal them, such fact was nevertheless not conclusive of her guilt.

**9. Malicious prosecution** &#10132;69—**$2,000 damages held not excessive.**

Judgment awarding damages in sum of $2,000 for a baseless charge, as found by jury, of larceny, causing plaintiff to be lodged in the county jail for a short time, and to undergo expense, humiliation, and distress of two public trials for that offense, *held* not excessive as indicating prejudice or corruption of jury.

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

Action for assault and battery and malicious prosecution by Minnie Lee Rickles against the Piggly-Wiggly Alabama Company. Judgment for plaintiff for $2,000, and defendant appeals. Affirmed.

Charges 4, 59, and 60, refused to defendant, are as follows:

"(4) I charge you, gentlemen of the jury, that the issue to be decided by you in this case is whether or not the defendant on the occasion complained of had reasonable cause to believe and did believe that the plaintiff was guilty of a criminal offense, and if you are reasonably satisfied from the evidence in the case that the defendant had reasonable cause for such belief, and did so believe, then your verdict must be for the defendant."

"(59) If you believe from the evidence that the plaintiff did not purchase a bottle of cherries from Hills or store No. 8 of the defendant, then you cannot find for the plaintiff under the third count of the complaint.

"(60) In determining whether or not the de-

fendant had probable cause for believing that the plaintiff was guilty of the offense charged, the jury must take into consideration the fact that she was convicted and found guilty of that offense in the recorder's court of the city of Birmingham, and under no circumstances are you authorized to disregard that admitted fact in the case."

Stokely, Scrivner, Dominick & Smith and Frank Bainbridge, all of Birmingham, for appellant.

In an action for malicious prosecution, the question is not whether the accused was in fact guilty, but whether the prosecutor entertained a reasonable belief of guilt. Parisian Co. v. Williams, 203 Ala. 378, 83 So. 122; B. R., L. & P. Co. v. Ellis, 55 Ala. App. 525, 58 So. 796. Information received from an apparently reputable person that a crime has been committed is sufficient evidence of probable cause, and a complete defense to an action for malicious prosecution. L. & N. v. Stephenson, 6 Ala. App. 578, 60 So. 490; Jordan v. A. G. S., 81 Ala. 220, 8 So. 191; O'Neal v. McKinna, 116 Ala. 606, 22 So. 905. A judgment of an inferior court, which is vacated on appeal, is not conclusive, but prima facie, evidence of probable cause. Kemp v. York, 202 Ala. 425, 80 So. 809.

Black & Harris, J. C. Burton, and J. B. Ivey, all of Birmingham, for appellee.

The facts as to probable cause being disputed, the question was properly submitted to the jury. L. & N. v. Stephenson, 6 Ala. App. 578, 60 So. 490; Veid v. Roberts, 200 Ala. 576, 76 So. 934. As to what is probable cause, see Parisian Co. v. Williams, 203 Ala. 378, 83 So. 122; Lunsford v. Dietrich, 93 Ala. 565, 9 So. 308, 30 Am. St. Rep. 79; Jordon v. A. G. S., 81 Ala. 220, 8 So. 191. A charge that singles out facts is properly refused. Sandlin v. Anders, 187 Ala. 473, 65 So. 376. A verdict for damages will not be reversed, except where it is so excessive as to indicate passion and prejudice. C. of Ga. v. White, 175 Ala. 60, 56 So. 574; Nat. Sur. Co. v. Mabry, 139 Ala. 217, 35 So. 698.

SAYRE, J. Appellee declared in three counts: (1) For an assault and battery; (2) for false imprisonment; and (3) malicious prosecution. Defendant, appellant, had the general charge as to count 2, and the cause was submitted to the jury on counts 1 and 3.

[1-3] In the first place it is insisted that defendant was entitled to the general affirmative instruction which was requested in separate charges upon the case as a whole, and upon each of counts 1 and 3. The corresponding assignments of error are grouped together in appellant's brief, but the supporting argument is addressed to the case as made by the court for malicious

prosecution. It is evident that defendant was not entitled to the general charge as to the first count, for, while defendant or its agents would have had a right to use such force as may have been necessary to detain plaintiff until an officer could be called—if defendant was justified in charging her with larceny from its stock of goods —defendant's agents had no right to do more. Plaintiff's testimony was that defendant's agent, who preferred the charge against her, attempted to put his hand in her pocket, at the time charging her with lying as well as stealing. If this version of the facts was accepted by the jury as true, plaintiff proved a case under count 1, whatever may have been its conclusion as to count 3. As for the last-mentioned count, the argument is that the prosecution was ordered by Rice, president of the defendant corporation, upon facts which had been observed by the witness Chambless, and had been by him communicated to Rice. But the bill of exceptions fails to show that Chambless informed Rice of the immediately pertinent facts, so that the issue as to probable cause rested upon the evidence as to what had in fact occurred, not upon what Rice had been told, and, the evidence as to that being in conflict, was due for submission, in the first place at least, to the jury for decision.

[4, 5] Charge 60, requested by defendant, was properly refused because it laid stress upon the fact that plaintiff had been convicted in the recorder's court of the offense for which defendant had caused her to be prosecuted. This was the proper subject of the jury's consideration in connection with all relevant facts in evidence, but this charge called particular attention to the fact of plaintiff's conviction, singled it out, without the proper qualification. Sandlin v. Anders, 187 Ala. 474, 65 So. 376. We would feel more confidence in the result under consideration if we knew that the jury had in mind the fact that the conviction of plaintiff in the recorder's court made out a prima facie case for defendant. Ewing v. Sanford, 19 Ala. 605; Veid v. Roberts, 200 Ala. 576, 76 So. 934. It may well be considered that the subsequent verdict of acquittal weighed too heavily in the mind of the jury. That verdict was due to be considered, was essential to plaintiff's recovery, as going to show that the prosecution against plaintiff had been determined in her favor; but her acquittal did not tend to show a want of probable cause for believing her guilty of the offense charged, the reason being, as pointed out in Fowlkes v. Lewis, 10 Ala. App. 543, 65 So. 724, and repeated in Standard Oil v. Davis, 208 Ala. 568, 95 So. 754, that an acquittal is based upon a reasonable doubt of the defendant's guilt, whereas probable cause for preferring a charge is based upon a reasonable belief growing out of such information as may be available to the accuser at the time; that is, whether the accuser had a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves, to warrant a cautious man in the belief that the person charged is guilty. We apprehend that in every case of this character the jury should be advised of these principles and differences. But the charge in question did not go to these propositions as a whole; it singled out the fact of plaintiff's conviction as we have stated, and this court has always held that charges faulty in that respect are properly refused.

[6] Charge 62, requested by defendant, correctly states the policy of the law (O'Neal v. McKinna, 116 Ala. 618, 22 So. 905) and its statement to the jury may have been very useful to defendant in the circumstances of this case, but, in substance, the jury were so instructed in the court's general oral charge, and the court here is unwilling to hold its refusal for reversible error.

[7] Charge 4, refused to defendant, was faulty for the reason that it predicated a verdict for defendant upon consideration of the issues made under count 3 without regard to what the jury may have believed in respect of the case stated in count one.

[8] Charge 59, refused to defendant, would have made the case turn upon the jury's finding as to a collateral and not necessarily conclusive issue. It was entirely proper for the jury to consider the fact, if it was a fact, that plaintiff had prevaricated in accounting for the possession of goods which defendant contended she had stolen—a very potent fact tending to induce the conclusion that plaintiff had stolen the goods, but still not conclusive. The charge was refused without error.

Charge 2, refused to defendant, like charge 4 to which we have referred, omitted consideration of the evidence tending to support the case alleged in count one.

Charges 25, 36, 37, 38, and 40, grouped in the brief with charge 2, are all open to criticism which would justify the court in refusing them, but they are not discussed in appellant's brief and nothing more needs be said of them.

[9] The only objection urged against the action of the trial court in overruling defendant's motion for a new trial is that the damages assessed were excessive, and for that reason the motion should have been granted. If the jury really believed that defendant had preferred a baseless charge of larceny against plaintiff and thereby had caused her to be lodged in the county jail, though for but a short time, and to undergo the expense, humiliation, and distress of two public trials for that offense, we cannot say that the damages assessed were so ex-

cessive as to indicate prejudice, partiality, or corruption on the part of the jury.

The judgment must be affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.