### NIXON v. PIERCE. (8 Div. 372.) *

(Court of Appeals of Alabama. Oct. 26, 1926. Rehearing Denied Nov. 16, 1926.)

1. **Appeal and error ☰1078(1)—Unbriefed assignments of error are waived.**

Assignments of error, not briefed as required by Supreme Court rule 10, are waived.

2. **Malicious prosecution ☰62—Arresting officer's mistreatment is not matter of aggravation, in suit for malicious prosecution, unless participated in by defendant.**

Mistreatment, wrong, or abuse by an officer making an arrest is not a matter of aggravation, in a suit for malicious prosecution, unless participated in or ratified by defendant.

3. **Appeal and error ☰1050(1)—That arresting officer furnished plaintiff no dinner held not to warrant reversal of judgment for plaintiff, in action for malicious prosecution, though not matter of aggravation.**

That an officer arrested plaintiff in the morning and went around with him until he made bond in the evening, without furnishing him any dinner, *held* too trivial to warrant reversal of judgment for plaintiff, in an action

for malicious prosecution, though not a matter of aggravation.

**4. Appeal and error ⊜═1050(1)—Permitting plaintiff, suing for malicious prosecution, to testify that he was witness in suit defendant "had about a mule," held not reversible error.**

Permitting plaintiff to testify, in an action for malicious prosecution, that he had been a witness in a suit defendant "had about a mule," *held* not reversible error, where the inquiry was not followed up and was disconnected as shown in record.

**5. Malicious prosecution ⊜═50—Malice is material allegation of complaint for "malicious prosecution."**

One of material allegations of complaint, in action for malicious prosecution, is malice.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Malicious Prosecution.]

**6. Malicious prosecution ⊜═58(1)—All surrounding circumstances are relevant, in action for malicious prosecution.**

To prove malice, in an action for malicious prosecution, for perjury, all facts and circumstances surrounding the parties at the time of defendant's alleged trespass, out of which the prosecution grew were relevant and admissible.

**7. Malicious prosecution ⊜═58(1)—Evidence of acquittal of charge of trespass held irrelevant, in action for malicious prosecution of perjury charge.**

That defendant was acquitted of charge of trespass following which he accused plaintiff of perjury, *held* immaterial and irrelevant, in action for malicious prosecution of perjury charge.

**8. Malicious prosecution ⊜═58(1)—Evidence as to mortgages held immaterial, in action for malicious prosecution for perjury in trespass case.**

Whether defendant, in action for malicious prosecution for falsely swearing in a trespass case against him that plaintiff forbade defendant to take possession of a certain mule, held a mortgage on the mule, or the land on which he was charged with trespassing, *held* immaterial.

**9. Trial ⊜═120(2)—Statement of plaintiff's counsel, "You know lawyers don't work for nothing," held merely statement of commonly known fact.**

Where there was evidence, in action for malicious prosecution, that plaintiff employed a lawyer to defend him therein, plaintiff's counsel merely stated a fact commonly known when he said, "You know lawyers don't work for nothing."

**10. Malicious prosecution ⊜═16—Malice and want of probable cause essential elements of malicious prosecution.**

Evidence of probable cause or lack of malice would prevent recovery, in an action for malicious prosecution.

**11. Malicious prosecution ⊜═71(2)—Probable cause and malice are questions for jury.**

Probable cause and lack of malice are questions of fact properly submitted to the jury, in an action for malicious prosecution.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Action for malicious prosecution by Frank Pierce against James N. Nixon. From a judgment for plaintiff, defendant appeals. Affirmed.

Certiorari denied by Supreme Court in Nixon v. Pierce, 111 So. 201.

J. A. Lusk, of Guntersville, for appellant.

Mistreatment, wrong, or abuse by an officer in making arrest is not a matter of aggravation in suit for malicious prosecution, unless directed by defendant, or unless he aided in or ratified the arrest. Snead v. Jones, 169 Ala. 143, 53 So. 188; Newell on Malicious Prosecution, 72; 4 Mayfield's Dig. 112; Marks v. Hastings, 101 Ala. 166, 13 So. 297. The argument of plaintiff's counsel was improper; and the rule is to reverse for improper argument, where the trial court does not properly restrain. West v. State, 17 Ala. App. 353, 85 So. 833; Naro v. State, 209 Ala. 614, 96 So. 761; Ala. Power Co. v. Goodwin, 210 Ala. 659, 99 So. 158, L. R. A. 1918D, 12. Evidence of probable cause or lack of malice would, either one, prevent recovery in suit for malicious prosecution. 4 Mayfield's Dig. 113.

Rayburn, Wright & Rayburn, of Guntersville, for appellee.

Brief of counsel did not reach the Reporter.

SAMFORD, J. [1] While there are 27 assignments of error, many of these are not so insisted upon in brief as to meet the requirements of Supreme Court rule 10. Such assignments as are not briefed as required by this rule are waived, and in passing upon questions presented we shall follow those pointed out in brief in such way as to require decision.

[2, 3] Mistreatment, wrong, or abuse by an officer making an arrest is not matter of aggravation in a suit for malicious prosecution, unless participated in or ratified by the defendant. Marks v. Hastings, 101 Ala. 166, 13 So. 297. But the fact that the officer arrested plaintiff in the morning and went around with him until he made bond in the evening, without furnishing plaintiff with any dinner, is too trivial upon which to base reversible error.

[4] Just why the court permitted the plaintiff to testify that he had been a wit-

⊜═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ness in a suit "Nixon had about a mule" is not apparent. The inquiry is not followed up and is disconnected, as it appears in the record. The answer could not affect the case one way ,or another.

[5-7] This case grew out of a prosecution begun by a sister of plaintiff charging defendant with trespass. Plaintiff and his sister were in the joint possession of the premises claimed to have been trespassed upon and at which time it is claimed defendant, over the protest of both plaintiff and his sister, took and carried away a mule. On the trial of the trespass case plaintiff testified to certain facts, and, after the trial of defendant, defendant swore out a warrant charging that in the trial above alluded to defendant had probable cause for believing that plaintiff was guilty of perjury, in 'that he falsely swore that he (plaintiff) had forbidden defendant to take the mule. One of the material allegations of this complaint is malice. To prove this all of the facts and circumstances surrounding the parties at the time of the alleged trespass are relevant and admissible. . That defendant was acquitted of the charge of trespass out of which grew the prosecution against plaintiff for perjury was immaterial and irrelevant.

[8] Whether defendant held mortgage on the mule taken by him or on the land upon which he was charged with trespassing could not shed any light upon the inquiry here, which is, Was there probable cause for believing that plaintiff swore falsely in the trespass case when he testified that he (Frank Pierce) "forbid J. N. Nixon of taking possession of a certain mule." As was stated by the trial judge, these facts might have been perfectly good evidence in the trial of the trespass case, but here a different issue is presented.

[9] There was evidence in the case that plaintiff employed a lawyer to defend him in the prosecution brought against him by defendant, and therefore the counsel for plaintiff was only stating a fact commonly known of all men when he said: "You know lawyers don't work for nothing." At least such is the belief by all laymen and such should be the rule.

[10, 11] The evidence of probable cause or the lack of malice would prevent a recovery in this case, but these are questions of fact and were properly submitted to the jury.

The foregoing follows and passes upon every question presented in brief of counsel. All other assignments of error are waived.

We find no error in the record, and the judgment is affirmed.

Affirmed.