(116 So. 156)

## STOUTS MOUNTAIN COAL CO. v. GRUBB.
### (6 Div. 780.)

Supreme Court of Alabama.   March 22, 1928.

1. **Malicious prosecution** ⬅24(6)—**Discharge by committing magistrate or grand jury is prima facie evidence of want of probable cause.**

When acquittal amounts to mere discharge by committing magistrate or where grand jury fails to indict after investigating charge, such fact is prima facie evidence of want of probable cause in malicious prosecution suit, sufficient to shift burden of proof to defendant, though fact of acquittal upon final trial is not prima facie evidence of want of probable cause.

2. **Malicious prosecution** ⬅24(6)—**Proof of plaintiff's acquittal by committing magistrate held prima facie evidence of want of probable cause, shifting burden to defendant.**

Where plaintiff was acquitted by judge, acting simply as a committing magistrate, proof of such discharge was prima facie evidence of want of probable cause in suit for malicious prosecution, which shifted burden to defendant to prove that probable cause existed.

3. **Malicious prosecution** ⬅71(1)—**Refusal to exclude all of plaintiff's evidence on ground that defendant did not authorize alleged malicious prosecution held not error.**

Trial court's refusal to exclude all of plaintiff's evidence on ground that defendant did not authorize or ratify prosecution *held* not error in action for malicious prosecution, since such method of eradicating evidence is objectionable and there was evidence that prosecution was so authorized.

4. **Malicious prosecution** ⬅72(1)—**Instruction, in malicious prosecution suit, requiring verdict for defendant if witness swore out warrant on information not obtained as defendant's agent, held properly refused.**

In action against corporation for malicious prosecution, instruction requiring verdict for defendant if witness swearing out warrant was acting solely on sheriff's advice or on information he himself had obtained, and not as agent of defendant, *held* properly refused as misleading in its attempted distinction between witness' capacity as individual and as agent.

5. **Malicious prosecution** ⬅18(5)—**Good faith of one swearing out warrant on basis of information received does not show probable cause, test being effect of information upon ordinarily prudent men.**

That person swearing out warrant acted in good faith and honest belief based on information which he had received is no defense in suit for malicious prosecution, since test of probable cause is effect which information may have had on judgment of ordinarily prudent and reasonable men.

Gardner and Bouldin, JJ., dissenting in part.

Appeal from Circuit Court, Cullman County; O. Kyle, Judge.

Action for malicious prosecution by Roy Grubb against the Stouts Mountain Coal Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

It appears that the commissary of the defendant was broken into and burglarized. Some months thereafter a warrant was sworn out by one Holland, clerk in defendant's commissary, against the plaintiff, charging him with burglary, on information, as Holland testified, furnished him by one Charlie Edwards, and on advice of the sheriff. On preliminary trial before S. J. Griffin, probate judge, plaintiff was acquitted. Thereafter this suit was instituted.

The excepted to portion of the oral charge is as follows:

"Now, gentlemen, as I said to you awhile ago, the undisputed evidence showed that on the trial of this case this plaintiff when tried by Judge Griffin was discharged; that makes what the law terms 'prima facie evidence of the want of probable cause.' In other words, on its face by reason of his discharge on that hearing before Judge Griffin, there was no probable cause for this plaintiff's arrest on the charge for which he was arrested, and the burden is shifted to the shoulders of defendant to prove from the evidence that there were facts and circumstances sufficiently strong in themselves as to cause a reasonably prudent man to believe that this man was guilty. In other words, the burden is on the defendant to prove to your reasonable satisfaction that there was probable cause for the arrest of the plaintiff."

The charges refused to defendant and made the basis of assignments 10 and 12 are as follows:

"If the witness Charley Holland, in swearing out the warrant under which plaintiff was arrested, was acting solely on the advice of the sheriff, or on information he, himself, had obtained and not as the agent of the defendant, your verdict should be for the defendant."

"If the witness Holland received the information from Charley Edwards, as testified to by said Holland, and honestly believed the same and in good faith acted thereon in swearing out the prosecution against the plaintiff, the defendant would not be liable, and your verdict should be for the defendant."

F. E. St. John, of Cullman, for appellant.

There was no evidence in the case connecting defendant with the institution of the prosecution, and the motion to exclude plaintiff's evidence was erroneously overruled. Boshell v. Cunningham, 200 Ala. 579, 76 So. 937. The portion of the oral charge excepted to was erroneous. Standard Oil Co. v. Davis, 208 Ala. 565, 94 So. 754; Fowlkes v. Lewis, 10 Ala. App. 543, 65 So. 724; Piggly-Wiggly Co. v. Rickles, 212 Ala. 585, 103 So. 860; Brown v. Selfridge, 224 U. S. 189; 32 S. Ct. 444, 56 L. Ed. 727. Defendant's requested charges correctly state the law, and

should have been given. The verdict was opposed to the great weight of the evidence, and a new trial should have been awarded.

A. A. Griffith, of Cullman, for appellee.

Whether defendant was connected with the prosecution was, under the evidence, a question for the jury. Ala. Co. v. Norwood, 211 Ala. 387, 100 So. 479; Abingdon Mills v. Grogan, 167 Ala. 153, 52 So. 596; Molton R. Co. v. Murchison, 212 Ala. 561, 103 So. 651. The oral charge of the court correctly stated the law. Hanchey v. Brunson, 175 Ala. 236, 56 So. 971, Ann. Cas. 1914C, 804; Veid v. Roberts, 200 Ala. 576, 76 So. 934; Ewing v. Sanford, 19 Ala. 605; Kemp v. York, 16 Ala. App. 675, 81 So. 195; Lunsford v. Dietrich, 93 Ala. 565, 9 So. 308, 30 Am. St. Rep. 79. Defendant's requested charges were well refused, as ignoring parts of the evidence.

ANDERSON, C. J. [1, 2] As we understand the decisions with reference to the acquittal of a person charged with crime as an evidential fact of the existence or nonexistence of probable cause in a civil action, it is admissible when the acquittal amounts to a mere discharge by a committing magistrate or where a grand jury failed to indict after investigating the charge. This fact, however, would not be conclusive evidence of the want of probable cause, but only prima facie evidence sufficient to shift the burden of proof to the defendant. Hanchey v. Brunson, 175 Ala. 236, 56 So. 971, Ann. Cas. 1914C, 804, and authorities cited, including Newell on Malicious Prosecutions, p. 282, and 2 Greenleaf on Evidence, § 435. On the other hand, it seems well settled that the acquittal of an accused upon a final trial is not even prima facie evidence of the want of probable cause. Standard Oil Co. v. Davis, 208 Ala. 565, 94 So. 754, and cases cited. This distinction is evidently based upon the logical theory, that, where there is a final acquittal, it rests upon a failure to establish guilt beyond a reasonable doubt, while upon a preliminary examination or the finding of an indictment by a grand jury the failure to bind over or indict involves merely the nonexistence of a probable cause. The plaintiff was acquitted by Judge Griffin acting simply as a committing magistrate, and the trial court did not err in the excepted to portion of the oral charge.

[3] The trial court did not err in declining the motion to exclude all of the plaintiff's evidence upon the idea that this defendant did not authorize or ratify the prosecution. In the first place, this method of eradicating evidence has been often condemned, and, second, there was evidence from which the jury could infer that the superintendent authorized Holland to start the prosecution.

[4] There was no error in refusing the defendant's charge, made the basis of the tenth assignment of error. If not otherwise faulty, it was misleading and confusing in an attempted distinction between the information Holland may have received as an individual and how he acted as agent. He may have received the information in his individual capacity and subsequently acted for the defendant and with authority when swearing out the warrant.

[5] There was no error in refusing the defendant's charge embodied in the twelfth assignment of error. It instructs a verdict for the defendant upon the good faith and honest belief of the agent, Holland, which will not suffice as the information must not have impressed him alone, but the test is what effect it may have had upon the judgment of ordinarily prudent and reasonable men. Lunsford v. Dietrich, 93 Ala. 569, 9 So. 308, 30 Am. St. Rep. 79; Gulsby v. L. & N. R. R. Co., 167 Ala. 129, 52 So. 392.

We think the great weight of the evidence was not only sufficient to impress Holland, but the ordinarily prudent man, that a probable cause existed of the plaintiff's guilt when the prosecution was commenced, and the trial court erred in not granting the defendant's motion for a new trial.

Reversed and remanded.

SAYRE, SOMERVILLE, and THOMAS, JJ., concur in the reversal upon the point indicated, and also think the defendant was entitled to the general charge because the evidence failed to show that the prosecution was authorized by the defendant.

GARDNER and BOULDIN, JJ., concur in the opinion, except as to the point upon which the case is reversed, and think the case should be affirmed and therefore dissent.

BROWN, J., not sitting.