30 So.2d 273

## ALABAMA DRY DOCK & SHIP-BUILDING CO. v. BATES.

### I Div. 526.

Court of Appeals of Alabama.

March 11, 1947.

Rehearing Denied April 8, 1947.

M. F. Dozier and Jesse F. Hogan, both of Mobile, for appellee.

Wm. H. Cowan and Percy C. Fountain, both of Mobile, for appellant.

CARR, Judge.

A large group of employees of the Alabama Dry Dock and Shipbuilding Company (which will be denoted herein as the company) staged a riot or near riot at the company's plant which resulted in considerable property damage. Several persons were arrested at the time and on the scene, and charged with being participants in the disturbance. Ray Bates was not among those so detained. Several days subsequently Mr. Bates, as a spectator, attended the trial of his co-workers. On this occasion Mr.

Bodeker, one of the company's plant investigators, who was at the scene of the riot while it was in progress, informed Mr. Guinane, the company's director of plant protection, and a company attorney, who was present in court, that he, Mr. Bodeker, recognized Mr. Bates as one of the group who actively participated in the disturbance at the plant and informed the two gentlemen of all facts within his knowledge which related to the connection Mr. Bates had with the riot. The attorney then advised Mr. Guinane that these related facts were sufficient upon which to base a prosecution. Mr. Guinane made an affidavit charging Mr. Bates as indicated. A warrant was issued and prosecution followed. Ultimately the accused was acquitted of the charge by a petit jury in circuit court.

This prosecution forms the basis for the case at bar.

Plaintiff below declared in Count One for false imprisonment and in Count Two for malicious prosecution. The cause was submitted to the jury only on Count Two. The trial resulted in a verdict in favor of the plaintiff. A motion for new trial was denied, and this appeal followed.

With the exception of assignments of error which present the action of the trial judge in denying the motion for new trial, all other assignments relate to written instructions that were either given or refused.

In the instant case, upon the plaintiff rested the burden of proving both malice and lack of probable cause. Veid v. Roberts, 200 Ala. 576, 76 So. 934; Brackin v. Reynolds, 239 Ala. 419, 194 So. 876.

■ Proof of the acquittal in the circuit court was not prima facie evidence of want of probable cause. This rule is based on logic and fairness.

In Lunsford v. Dietrich, 93 Ala. 565, 9 So. 308, 310, 30 Am.St.Rep. 79, probable cause is defined as follows: "A reasonable ground of suspicion supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense charged."

See also: Gulsby v. Louisville & N. R. Co., 167 Ala. 122, 52 So. 392.

It follows as a reasonable and observative deduction that a person may in good faith entertain all of the necessary requisites of probable cause and on this basis institute a prosecution, and, nevertheless, the accused may be acquitted of the charge. If it were not so, there could be a serious determent to the enforcement of our criminal laws.

■ In all criminal cases the accused is presumed to be innocent of the charge, and he enters the trial clothed with this presumption. The burden is cast on the State to establish his guilt by the evidence beyond a reasonable doubt. Those of us who are familiar with criminal prosecutions know that convictions and acquittals may be dependent upon varied circumstances. Judge Walker, writing for this court in Fowlkes v. Lewis, 10 Ala.App. 543, 65 So. 724, went to great length to elaborate on and discuss these actuating influences.

■ We hold, therefore, that it was error for the court to give written charge No. 1 at the instance of the plaintiff. By the same reasoning it was error to refuse charges numbered 6 and 30, which were tendered by appellant. Fowlkes v. Lewis, supra; Stouts Mountain Coal Co. v. Grubb, 217 Ala. 274, 116 So. 156; Piggly-Wiggly Alabama Co. v. Rickles, 212 Ala. 585, 103 So. 860; Sandlin v. Anders, 187 Ala. 473, 65 So. 376; Brackin v. Reynolds, supra; Standard Oil Co. v. Davis, 208 Ala. 565, 94 So. 754.

Counsel for appellee in briefs urge that the action of the trial judge in the instant matter was without harm to appellant for the reason that the general affirmative charge could have with propriety been given in plaintiff's behalf. Clearly, there is no merit in this position.

■ The trial court also refused to the defendant written charges Nos. 3 and 4. We entertain the view that these instructions are calculated to mislead. It is not made certain what is meant by "failure of the prosecution." The mind of the layman jury may have been left in doubt as to what was intended by the expression. We will not base error on the refusal of either of these charges.

■ Charge No. 3 should not have been given for plaintiff. It is true that from the absence or want of probable cause malice may be *inferred* or *presumed*. Lunsford v. Deitrich, 86 Ala. 250, 5 So. 461, 11 Am.St.Rep. 37; Jordan v. Alabama Great So. R. Co., 81 Ala. 220, 8 So. 191. However, the charge in question could be interpreted to carry the instruction that there was an absence of probable cause. This was a controverted factual issue, and a charge should be refused if it assumes the existence of a fact with reference to which the evidence is in conflict. Continental Gin Co. v. Milbrat, 10 Ala.App. 351, 65 So. 424.

We think, also, that it is an inaccurate statement to charge that "the absence of probable cause is evidence of malice." This is not equivalent to the correct applicable rule that malice may be inferred or presumed from want of probable cause.

■ Charges numbered 8, 12, 15, 19 and 21, refused to appellant, were substantially and fairly covered by other given written instructions. Title 7, Sec. 273, Code 1940.

We come now to consider the propriety of the action of the court in denying the general affirmative charge to the defendant as to Count Two of the complaint.

On the trial below of the instant cause, the appellee testified that he had no part in the riot; that he was not at the plant at the time, and did not know about the occurrence until after it had happened. He introduced other witnesses whose testimony tended to support this claim.

■ It is well established by the authorities that if there is a dispute in the evidence with reference to probable cause, this presents an inquiry to be determined by the jury and cannot be decided as a matter of law by the court. Veid v. Roberts, supra; Piggly-Wiggly Alabama Co. v. Rickles, supra; Central Iron & Coal Co. v. Wright, 20 Ala.App. 82, 101 So. 815; Nixon v. Pierce. 21 Ala.App. 591, 111 So. 200.

The pronouncement in the authorities just above is in recognition of and in keeping with the rule applicable in all cases where the evidence presents factual conflict.

■ In oral argument and brief counsel for appellant cogently insist that the prosecution of the plaintiff was instituted by an agent of the defendant on the advice of attorney, and this after a full and fair statement of all the facts had been given by the agent to the attorney. The record discloses the detailed information given to the adviser. It is true, and is supported by abundant authority, that a person may institute a prosecution upon the advice of a reputable attorney and it will be a complete defense to an action for malicious prosecution arising therefrom. However, for this defense to avail, it must be a factual conclusion that the advice was given on a full and fair statement of all the facts and circumstances known to the prosecutor, or which by proper diligence he could have ascertained. In arriving at this finding all the evidence in the case should be considered.

■ As Judge Mayfield for the court observed in Abingdon Mills v. Grogan, 175 Ala. 247, 57 So. 42, 43: "Whether the affiant made a full and fair statement of the facts to the attorney, whether he used proper diligence in order to ascertain the facts, and whether he consulted the attorney for the purpose of obtaining the advice of such attorney and acting upon it rather than upon his own judgment, or for other motives, were in this case (and are usually) questions of fact for the determination of the jury."

See also: Goldstein v. Drysdale, 148 Ala. 486, 42 So. 744; McLeod v. McLeod, 73 Ala. 42; Sloss-Sheffield Steel & Iron Co. v. O'Neal, 169 Ala. 83, 52 So. 953; Abingdon Mills v. Grogan, 167 Ala. 146, 52 So. 596; Stewart v. Blair, 171 Ala. 147, 54 So. 506, Ann.Cas. 1913A, 925.

This is indeed a sound and reasonable rule. Should the jury be deprived of passing on this matter, the defense of "advice of counsel" could be made an unfair and unfounded excuse for unwarranted prosecutions.

Since this cause must be remanded for further proceedings in the court below, we deem it inappropriate and inopportune to treat the assignment of error presenting the action of the court in overruling the motion for a new trial. To do so would of necessity require us to comment on the

evidence and might result in an unfair animadversion of its tendencies.

For error indicated, it is ordered that the judgment of the primary court be reversed and the cause remanded.

Reversed and remanded.