This is a malicious prosecution case. The jury returned a verdict in favor of the plaintiff in the amount of $5,000. A judgment was entered and the defendant appeals. We affirm.
The defendant contends that the trial court erred to reversal in not granting the defendant's motion for a direct verdict. This contention is bottomed on the premise that the defendant relied on an attorney's *Page 805 
advice in swearing out a warrant for the arrest of the plaintiff. Additionally, the defendant urges error in that the verdict is excessive.
We do not deem it necessary to set out in detail the facts as revealed by the record. Suffice it to say that the following is pertinent.
The plaintiff and defendant became involved in a dispute over a bill allegedly owed by the defendant to the plaintiff. In a "heated" discussion over the bill, the defendant testified the plaintiff threatened him. The defendant thereafter went to an attorney and related to the attorney his version of the affair. The attorney advised the defendant that what plaintiff said to defendant constituted a threat. The defendant then swore out a warrant against plaintiff. Plaintiff was tried and found to be not guilty. The plaintiff then brought suit against the defendant for malicious prosecution with the result as indicated above.
At the trial for malicious prosecution, the plaintiff's and defendant's versions differed as to what transpired at the encounter over the bill. Specifically, the plaintiff and his secretary testified no "threat" was made by plaintiff to defendant. The defendant testified a "threat" was made and this, of course, was the version related to the attorney.
It is clear the law in Alabama is that advice of counsel, honestly sought and acted on in good faith, supplies an indispensible element of probable cause for legal action and is a complete defense to an action for malicious prosecution. SeeBirwood Paper Co. v. Damsky, 285 Ala. 127, 229 So.2d 514
(1969); 14 Ala.Dig. Malicious Practice 21 (1). However, for this defense to prevail, it must be that a factual conclusion is made that the attorney's advice was given on a full and fair statement of all the facts and circumstances known to, in this instance, the defendant. See Alabama Dry Dock ShipbuildingCo. v. Bates, 33 Ala. App. 81, 30 So.2d 273 (1947); 14 Ala.Dig.Malicious Practice 21 (2). Whether such full and fair statement was given is, in this instance, a question of fact for the jury to determine. See Bates, supra. Put another way, the jury could well have found that the attorney's advice was based on the fact a "threat" was made when, in fact, no such "threat" was made.[1] We, therefore, find the trial court did not err in refusing to grant defendant's motion for a directed verdict.
As noted above, the defendant also urges error in that the jury's verdict is excessive.
In this instance, the following proposition of law is dispositive of this issue: An alleged excessive verdict cannot be reviewed by this court unless a motion for new trial has been made and acted upon by the trial court. See 2 Ala.Dig.Appeal Error 293. Here, no such motion was made in the trial court. Additionally, we note that Rule 4 (a)(3), ARAP, has no applicability in the instant appeal.
The case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.
[1] We would note that the learned and distinguished trial judge correctly charged the jury as to the law.